THE NEBRASKA & COLORADO RAILROAD COMPANY, PLAINTIFF IN ERROR, v. MINNIE O. STORER AND M. L. STORER, DEFENDANTS IN ERROR.

1. **Railroads:** DAMAGES FOR RIGHT OF WAY: APPEAL. Under the statute, as it stood prior to the act of March 31, 1887, in order to appeal from the assessment of damages which the owner of any real estate had sustained by the appropriation of his land to the use of any railroad corporation, it was only necessary to file in the office of the clerk of the district court of the proper county, within sixty days after the filing of the report containing the award of such damages with the county judge, a transcript of the condemnation proceedings upon which such award of damages was made.

2. ———: ———: ———. A paper headed "Transcript," but consisting of a certified copy only of the report of the commissioners appointed by the county judge to assess the damages, etc., containing their assessment and award of damages, *Held*, Sufficient to give the appellate court jurisdiction of the cause.

ERROR to the district court for Nuckolls county. Tried below before MORRIS, J.

*T. M. Marquett* and *J. W. Deweese*, for plaintiff in error.

*H. W. Short*, for defendants in error.

COBB, J.

This cause comes to this court upon a petition in error to the district court of Nuckolls county. The following errors are alleged:

"1st. The court erred in entertaining jurisdiction of said case against the objections filed by the plaintiff herein to the effect that no notice of appeal was ever served on the plaintiff herein by the defendant herein, and no transcript of the condemnation proceedings in the county court was ever filed on appeal in the district court by either party in the action.

"2d. The court erred in overruling the objections to entertaining the appeal, and in assuming jurisdiction, which were made by the plaintiff herein.

"3d. The court erred in impaneling the jury in said case to try the issues, and in rendering judgment against the plaintiff herein on the verdict of said jury."

But one paper was filed in the case in the district court, except the objections to the jurisdiction of the court to proceed, made on the part of the appellee in said court (plaintiff in error here). Said paper is headed "Transcript," and is duly certified to by the county judge of the proper county as being "a true and correct transcript of the commissioners' report as returned to the county court of Nuckolls county," and recorded. It does not contain the application of the railroad company, plaintiff in error, for the appointment of commissioners to appraise the right of way for the said railroad, nor the order or orders of the said county

court upon such application; but it contains, by way of recital, the fact of the appointment of said six disinterested freeholders, residents of Nuckolls county, by the county judge of said county, to appraise the damages accruing to the appellees by reason of the appropriation of the real estate therein described taken for right of way, side track, and railroad purposes by the Nebraska & Colorado Railroad Company, situated in said county, as shown by the plat and profile of said road as submitted to the said commissioners by the agent of said railroad company; also describing said land and specifying the amount of such damage as found by the said commissioners. Which said transcript also contains, appended to the said report of commissioners, a certificate of the said county judge of the payment by the said railroad company into the hands of said county judge, for the owners of said land, the amount of the said award of damages, etc.

The question raised by this petition in error is clearly one of jurisdiction. The theory of the plaintiff in error is, that the district court had no jurisdiction of the case, except to refuse to hear or consider it.

In the case of *Gifford v. The R. V. & K. R. R. Co.*, 20 Neb., 538, we held that "the right of appeal from the award of commissioners in the assessment of damages sustained by an owner of real estate by the appropriation of the same to the use of a railroad corporation, may be availed of and perfected by the filing of a transcript from the county judge of the condemnation proceedings," etc.

In the case at bar the paper headed "Transcript," hereinbefore referred to, was filed in the office of the clerk of the district court within sixty days from the filing of the award of damages with the county judge, and so if it is a transcript there was an appeal taken, and the district court had jurisdiction of the cause. It cannot be contended that it is a perfect or complete transcript. Neither can it

be said not to be, in part, a transcript of the condemnation proceedings. The condemnation proceedings, doubtless, consist of the application of the railroad company, appellant, to the county judge for the condemnation and assessment of damages of its right of way upon and across the lands of appellees, either separately or with others; the precept of the county judge directing the sheriff to summon commissioners to assess the damages, with the return of the sheriff thereon; and the "report in writing to the county judge" of the said commissioners of the discharge of the duty for which they were appointed, with the amount of damages as found by them, etc. A perfect and complete transcript would embrace copies of each of these papers. But does not the filing in the proper office, within the limited time, of a certified transcript, consisting of copies of two, or even but one, of said papers, confer upon the district court jurisdiction to compel the supplying of the missing papers by an order in the nature of a *certiorari* to the county judge? There can be no doubt of it. It follows, then, that that which has been done is not void, it being susceptible of amendment.

Proceedings by suggestion of a diminution of the record and application for an order to the county judge in the nature of a *certiorari* to send up the balance of the record were open to the appellee as well as the appellant. It was not necessary that the record should be perfected in order to give the district court jurisdiction; for we have seen, as I think, that it already had jurisdiction for one purpose, and I think that it is of the nature of jurisdiction that if it exists for one purpose it exists for all purposes. But it often occurs that while a court has jurisdiction of a cause it finds itself powerless to do full justice between the parties, for the want of a full and perfect record. When such proves to be the case such record or the additional papers necessary to perfect the record will be ordered supplied by the court, upon the suggestion and motion of either

party to the cause. Formerly this was accomplished by writ of *certiorari*, which would only issue in such case upon a suggestion of a *diminution* of the record. Under the present system of practice the order of the court in which the cause is pending upon appellate proceeding, on the court or tribunal below, takes the place of the more formal and expensive writ. If after one order has issued and a return made thereto it appears that the record is still imperfect, other orders may issue on the suggestion of the same or the opposite party. And such was the law in the time of James the First. See *Smith v. Henry Skipwith*, Cro. Jac., 277. In practice, when either party conceives that the record as returned by the court below is defective in that it does not truly present some matter or proceeding of such lower court necessary to the proper presentation of his case or defense, he will suggest such defect and obtain an order for the supplying of the deficiency, and not otherwise.

In the case at bar, in order that the records of the district court be logically and historically perfect, they should have been made to show the application by the railroad company to the county judge for the condemnation and appraisement of damages, etc., and the issuance of the precept by the county judge to the sheriff for the summoning of the six freeholders of the county to appraise the damage, as well as the finding and appraisal and damages, as made by them, but it was not necessary that the record contain those papers in order to enable the court to do justice between the parties. One of them was prepared and filed, and the other sued out, served, and acted upon, by the railroad company, appellee in the district court and plaintiff in error here. It was therefore bound by both the form and substance of such records, as well as by the action of the county judge and the appraisers appointed by him, it not having appealed therefrom, and could not have desired a transcript of such papers for the purpose of basing

any motion or other action thereon in the district court. But even if it did, the way was open, as we have seen, for it to have caused the same to be supplied.   On the other hand the appellants in the district court, and defendants in error here, made no objection to the form or substance of the application of the railroad company to the county judge, nor to the precept or other actions of the county judge thereupon, nor to the persons selected as disinterested freeholders of the county to appraise the damages contemplated by such action.   They only appealed from the consideration and judgment of such commissioners as to the amount of damages which they had sustained by reason of the taking of the right of way for the railroad of said company over and upon the lands of the appellant.    For the purpose of retrying the question of the amount of such damages before the district court and a jury, it is not conceived possible that any reference would necessarily have been had to either of the papers not embraced in the transcript, and so, while the court would probably out of abundant caution have lent its aid to either party upon its application for an order requiring the missing record to be supplied, yet I do not think that in the absence of such application it was error on the part of the district court to hold jurisdiction of the case, and to try and determine it, in the absence of the papers above specified.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.