Schuyler v. Hanna.

AMANDA M. SCHUYLER, APPELLANT, V. HENRY O. HANNA ET AL., APPELLEES.

[FILED JANUARY 28, 1890.]

1. **Appeal:** TIME: BILL OF EXCEPTIONS NOT ESSENTIAL. In order to bring a cause into this court by appeal, the appellant must, within six months from the date of the rendition of the judgment, or decree, or making of the final order appealed from, file with the clerk of this court a certified transcript of the proceedings had in the cause in the court below. It is not essential to jurisdiction that such transcript should contain the depositions, testimony, or proofs offered in evidence in the lower court.

2. ———. The first clause of the syllabus in *Jefferson Co. v. Saxon*, 10 Neb., 14, is modified.

3. ———. A notice of appeal is not necessary to confer jurisdiction.

MOTION to dismiss appeal.

*Frank Martin*, for the motion.

*Isham Reavis*, and *E. W. Thomas*, contra.

NORVAL, J.

The plaintiff brought an action in partition in the district court of Richardson county. A decree was entered therein on the 18th day of June, 1888, and the plaintiff appeals. A transcript of the proceedings, containing the pleadings and decree, was filed in this court December 17, 1888. The defendant Lorinda Hanna now moves to dismiss the appeal on two grounds:

First —Because the transcript does not contain the testimony taken on the trial.

Second—That no notice of appeal was issued herein until November 8, 1889.

It is contended that this court has no jurisdiction, because the transcript does not contain the testimony and proofs offered in evidence on the trial. The determination of

this question will turn upon the proper construction of sec. 675, Comp. Stats. 1889, p. 952, which provides that "the party appealing shall, within six months after the date of the rendition of the judgment or decree, or the making of the final order, procure from the clerk of the district court and file in the office of the clerk of the supreme court a certified transcript of the proceedings had in the cause in the district court, containing the pleadings, the judgment or decree rendered, or final order made therein, and all the depositions, testimony, and proofs offered in evidence on the hearing of the cause, and have the said cause properly docketed in the supreme court."

The right to appeal in equity cases is regulated solely by statute. A liberal construction should be given all laws providing for appeals—such a construction as will not abridge the right. The mandatory part of the above quoted statute is "that the party appealing shall within six months after the date of the rendition of the judgment or decree, or the making of the final order, * * * file in the office of the clerk of the supreme court a certified transcript of the proceedings had in the cause in the district court." On the filing of such a transcript within the statutory time, this court acquires jurisdiction, notwithstanding such transcript may be imperfect or may not contain all the matters called for in the above quoted section. The transcript in this case contains the decree of the lower court, and all the pleadings in the case, which we think was sufficient to confer jurisdiction to compel the sending up of the balance of the record, and having jurisdiction for one purpose, it existed for all others.

The decision in *N. & C. R. R. Co. v. Storer*, 22 Neb., 92, we think is decisive of this motion. In that case an appeal had been taken to the district court from the award of commissioners in the assessment of damages sustained by the owner of real estate by the appropriation of the same by the defendant railroad. The transcript consisted

of a certified copy only of the report of the commissioners appointed by the county judge to assess the damages. It was held that the district court acquired jurisdiction notwithstanding the transcript was not complete. Judge Cobb uses this language in the opinion in that case: "It cannot be contended that it is a perfect or complete transcript. Neither can it be said not to be, in part, a transcript of the condemnation proceedings. The condemnation proceedings doubtless consist of the application of the railroad company appellant to the county judge for the condemnation and assessment of damages of its right of way upon and across the lands of appellees, either separately or with others; the precept of the county judge, directing the sheriff to summon commissioners to assess the damages, with the return of the sheriff thereon; and the 'report in writing to the county judge' of the said commissioners of the discharge of the duty for which they were appointed, with the amount of damages as found by them, etc. A perfect and complete transcript would embrace copies of each of these papers. But does not the filing, in the proper office, within the limited time, of a certified transcript, consisting of copies of two, or even but one, of said papers, confer upon the district court jurisdiction to compel the supplying of the missing papers by an order in the nature of a *certiorari* to the county judge? There can be no doubt of it. It follows, then, that that which has been done is not void, it being susceptible of amendment. Proceedings by suggestion of a diminution of the record and application for an order to the county judge in the nature of a *certiorari* to send up the balance of the record were open to the appellee as well as the appellant. It was not necessary that the records should be perfect in order to give the district court jurisdiction; for we have seen, as I think, that it already had jurisdiction for one purpose, and I think that it is of the nature of jurisdiction that if it exists for one purpose it exists for all purposes."

The rule contended for by counsel for the motion would oust this court of jurisdiction of many equity causes brought to this court by appeal, in which no testimony was taken in the lower court, as well as those cases where testimony was introduced, but not brought up, and the decree is sought to be reversed on grounds other than the insufficiency of the evidence.

The case of *Jefferson Co. v. Saxon*, 10 Neb., 14, is cited as sustaining the motion. The question here presented was not in that case. A transcript had been filed in that cause in the supreme court in time. It contained what purported to be a bill of exceptions, but had not been signed by the district judge. The appellant withdrew the records from the files for the purpose of having the bill allowed, and after the time had elapsed for filing an appeal, the record was again filed with the clerk of this court. The appeal was dismissed because "the transcript of the proceedings in the court below was not filed in this court within the time provided by law." The court uses this language in that case : "The voluntary withdrawal of the entire record, leaving nothing of the case in this court, without any saving order as to the defendant's rights under the appeal, and there being no apparent excuse for the delay in obtaining the judge's certificate, was equivalent to a voluntary dismissal by the appellant." It was after this dismissal that the second transcript was filed, which was long after the time had elapsed for filing an appeal. The first point of the syllabus in *Jefferson Co. v. Saxon* is therefore modified.

As to the objection that no notice of appeal was given until November 8, 1889, it is sufficient to say that the statute does not require that a notice shall be given to the adverse party. None is therefore required to give this court jurisdiction.

The motion to dismiss the appeal is overruled.

MOTION OVERRULED.

THE other judges concur.