SARAH FULTON v. RYAN BROS.

[FILED NOVEMBER 18, 1891.]

Justice of the Peace: APPEAL: FILING TRANSCRIPT. Where a transcript of a judgment rendered in a justice court is filed by either party in the district court within thirty days from the date of the judgment, the appellate court will thereby acquire jurisdiction of the case, although the transcript is not full and complete.

ERROR to the district court for Gage county. Tried below before APPELGET, J.

A. Hardy, for plaintiff in error, cited: Muldoon v. Levi, 25 Neb., 459; U. P. R. Co. v. Marston, 22 Id., 721.

*Griggs, Rinaker & Bibb, contra,* cited: *Oppenheimer v. McClay,* 30 Neb., 654.

Norval, J.

On the 2d day of October, 1890, the defendants in error recovered a judgment on a promissory note in a justice court against the plaintiff in error for $174.16, and costs of suit. On the 7th day of the same month there was filed in the office of the clerk of the district court a certified transcript of the judgment. On the 11th day of October the plaintiff in error filed with the justice of the peace an appeal bond, which was duly approved by the justice, and on the 8th day of November, 1890, plaintiff in error filed a transcript of said judgment, including the appeal undertaking,. with the clerk of the district court. On November 24, 1890, the defendant in error filed with the clerk of said court a motion to dismiss the appeal for the reason that the same was not taken, perfected, and transcript filed within the time required by law, which motion was sustained by the court and the appeal dismissed. This ruling of the court is assigned for error. -

Section 1007 of the Code requires the party appealing from a judgment of a justice of the peace to enter into an undertaking to the adverse party within ten days from the rendition of the judgment. The defendant in every respect complied with this provision of the statute. To perfect an appeal, other sections of the Code require that a transcript of the judgment, including the appeal undertaking, be delivered to the clerk of the district court of the proper county within thirty days after the judgment was rendered.

It is urged that the action of the district court in dismissing the appeal is justified by section 1011 of the Code, which provides that "If the appellant shall fail to deliver the transcript and other papers, if any, to the clerk, and have his appeal docketed as aforesaid, within thirty days

next following the rendition of said judgment, the appellee may, at the first term of the district court after the expiration of thirty days, file a transcript of the proceedings of such justice, and the said cause shall, on motion of said appellee, be docketed, and the court is authorized and required, on his application, either to enter up a judgment in his favor similar to that entered by the justice of the peace, and for all costs that have accrued in the court, and award execution thereon, or such court may, with the consent of such appellee, dismiss the appeal," etc.

Two transcripts of the judgment of the justice of the peace were filed in the district court. If the one last delivered to the clerk of said court is alone to be considered, then the appeal was rightly dismissed, for the reason that such transcript was filed more than thirty days after the rendition of the judgment appealed from. The other transcript was filed five days after the judgment was rendered, but it is contended by the defendants in error that they presented the same to the clerk for filing, in order to make the judgment a lien on the real estate of the plaintiff in error, under sections 561 and 562 of the Code. While the sections authorize the filing of a transcript by the successful party, for the purpose of making it a lien upon the real estate of the judgment debtor, there is nothing in the record before us to show who presented the transcript for filing, or that the case was ever entered upon the execution docket as is required by section 561, to make it a lien upon real estate.

In our view it is quite immaterial who filed the transcript, or the object of its filing. When filed in the district court for one purpose it is available for all the uses and purposes to which another transcript of the same judgment could be put to in that court. When a transcript is filed by either party to a judgment in time to perfect an appeal, the appellate court acquires jurisdiction thereby. As said by this court in *Muldoon v. Levi*, 25 Neb., 459:

Fulton v. Ryan.

"There can be no good reason assigned for requiring two transcripts to be on file before the district court can make either of the orders referred to. The law does not require an unnecessary thing. The transcript being on file the court would have jurisdiction." (See also *U. P. R. Co. v. Marston*, 22 Neb., 721; *Johnson v. Van Cleve*, 23 Id., 559.)

When the first transcript was filed no appeal bond had been given, but within the period allowed by law an appeal undertaking was filed and approved by the justice. While its giving and approving were necessary to confer jurisdiction upon the appellate court, it was not indispensable to jurisdiction that a copy of the undertaking should be filed in such court within thirty days after the rendition of judgment. A complete transcript includes a copy of the appeal bond. But suppose an imperfect one is filed in time, as was the first one in this case, would not the appellate court acquire jurisdiction to order a perfect transcript sent up? There can be no doubt of it. To our mind it appears illogical to say that the district court obtained jurisdiction for such purpose, but lost jurisdiction when the complete transcript was filed. That no order of the court was taken against the justice to send up a perfect transcript is quite immaterial. The same purpose was accomplished by its being voluntarily furnished. When a transcript is filed in time, although incomplete, the appellate court acquires jurisdiction of the case. (*N. & C. R. Co. v. Storer*, 22 Neb., 90; *Schuyler v. Hanna*, 28 Id., 601.)

The district court erred in dismissing the appeal. The judgment is reversed and the cause remanded, with directions to reinstate the appeal and for further proceedings according to law.

JUDGMENT ACCORDINGLY.

THE other judges concur.