MICHAEL M. SULLIVAN V. E. H. BENEDICT.

FILED MARCH 16, 1893.    No. 4933.

1. **Appeals from County Court: BOND: FILING TRANSCRIPT.** The law governing appeals from judgments before justices of the peace applies to appeals from the county court to the district court. The party desiring to appeal must file an appeal bond within ten days from the rendition of the judgment, and within thirty days from the date of the judgment he must procure and file in the district court a certified transcript of the proceedings.

2. **County Court: APPEARANCE: SETTING ASIDE JUDGMENT: APPEAL.** Where, in an action brought in the county court within the jurisdiction of a justice of the peace, the defendant enters his appearance, but absents himself on the day of trial, he is not entitled to have the judgment against him set aside, under the provisions of section 1001 of the Code, but may prosecute an appeal to the district court.

3. ———: RECORD FOR APPEAL: CONTRADICTION IN APPELLATE COURT. The record entry of a judgment rendered in the county court, as embodied in a duly authenticated transcript, imports absolute verity, and cannot be varied or contradicted by extrinsic evidence in the appellate court.

ERROR from the district court of Holt county. Tried below before KINKAID, J.

*H. M. Uttley,* for plaintiff in error:

A defendant against whom a judgment is rendered in the county court, by default and in his absence, has the right to appeal after he has applied to have the judgment set aside, under the provisions of sec. 1001 of the Code, and been denied. (*Clendenning v. Crawford,* 7 Neb., 474; *Gudtner v. Kilpatrick,* 14 Id., 347; *Adams v. Thompson,* 18 Id., 543.)

*E. H. Benedict, contra.*

Norval, J.

This action originated in the county court of Holt county, and from a judgment in favor of the plaintiff, E. H. Benedict, the defendant Sullivan prosecuted an appeal to the district court, where, on motion of the plaintiff, the appeal was dismissed. The ruling of the district court is now assigned for error.

The appeal was properly dismissed for the reason the same was not taken within the time limited by statute. The judgment was rendered against the defendant by the county court on the 23d day of September, 1889, while the appeal undertaking was not given until the 3d day of November, 1890, and the transcript was not filed in the district court until nine days later; so that more than a year had elapsed after the rendition of the judgment before any steps were taken to obtain a review of the case by appeal. The law governing appeals from judgments before justices of the peace regulates appeals from judgments of the county courts. The appeal undertaking must be given within ten days from the rendition of the judgment, and the appellant must procure and file his transcript of the proceedings in the district court within thirty days after the entry of the judgment. The plain requirements of the statute not having been complied with, the district court did not err in sustaining the appellee's motion to dismiss the appeal.

Sullivan v. Benedict.

Plaintiff in error claims that the judgment was rendered in the county court by default, and having applied to have it set aside under section 1001 of the Code, and the application having been denied, he was entitled to an appeal, and that the time for taking and  perfecting it did not begin to· run until his motion to have the judgment opened up was overruled. ·. The cases of *Clendenning v. Crawford*, 7 Neb., 474, *Gudtner v. Kilpatrick*, 14 Id., 347, and *Adams v. Thompson*, 18 Id., 543, are cited to sustain the proposition contended for.   These decisions are to the effect that an appeal does not lie from a judgment rendered by default until after the defendant, against whom the same is entered, has applied to have the judgment set aside under the provisions of the Code, and his application has been denied. The rule cannot be invoked in this case, for the reason that the county court did not render judgment on default and in  absence of  the  defendant.   The  transcript from the county court shows that on the return day of the summons the "parties appeared, and at the request of the defendant's attorney, cause continued until Monday, September 23, 1889, at 10 o'clock A. M., at costs of defendant, plaintiff consenting thereto."   Although the defendant did not appear at the time to which the cause was adjourned, having entered an appearance on the return day of the summons, he was not entitled to have the judgment set aside.  He mistook his remedy.  He should have appealed. (*Strine v. Kaufman*, 12 Neb., 423; *Raymond v. Strine*, 14 Id., 236; *Steven v. Nebraska & Iowa Ins. Co.*, 29 Id., 187.)

In the district court affidavits were filed by the defendant to the effect that neither he nor his counsel were present in the county court on the return day of the cause, but that three or four days prior thereto, his attorney, Mr. Uttley, and the plaintiff went before the county judge, and at the request of Mr. Uttley, who was then contemplating a trip to Omaha to be absent several days, it was then agreed that when the day arrived on which the trial was set the case

should be passed until Mr. Uttley should return home, at which time he was to notify the plaintiff and the case was to be tried; that on Mr. Uttley's return from Omaha, on September 28, 1889, he learned that judgment had been rendered against his client and he immediately prepared a motion to set aside the same. These affidavits cannot be considered. It is conceded that the certified transcript made out by the county court is a true copy of the record of the proceedings in the case. The record of the county court, as embodied in a duly authenticated transcript, imports absolute verity and cannot be contradicted in the appellate court by extrinsic evidence. (*Haggerty v. Walker*, 21 Neb., 596; *Worley v. Shong*, 35 Id., 311; *State v. Hopewell*, Id., 822. We discover no error in the record and the judgment of the court below is

AFFIRMED.

THE other judges concur.