PETER THOMSEN V. STATE OF NEBRASKA.

FILED NOVEMBER 6, 1908. No. 15,703.

1. **Criminal Law:** RECOGNIZANCE. While a recognizance given under section 324 of the criminal code may be entered into in writing, it must be executed or acknowledged by the principal and surety in the presence of the magistrate taking the same.

2. ———: APPEAL: TRANSCRIPT. In an appeal to the district court from the judgment of a magistrate imposing fine or imprisonment, a rule to compel the magistrate to make a further or amended. transcript is properly denied where the application for such rule fails to allege additional facts which would affect the determination of the question before the court.

ERROR to the district court for Wayne county: ANSON A. WELCH, JUDGE. *Affirmed.*

*A. S. Ritchie, Charles L. Fritscher* and *Frank A. Berry,* for plaintiff in error.

*William T. Thompson,* Attorney General, *Grant G. Martin* and *George R. Wilbur, contra.*

CALKINS, C.

In a prosecution had before the police judge of the city of Wayne, the plaintiff in error, hereinafter called the defendant, was convicted of the offense of selling intoxicating liquors to minors. He gave timely notice of appeal, and the magistrate fixed the amount of his recognizance at $200. Afterwards, and on the same day, he left in the office of the magistrate a writing in the words and figures following: "The State of Nebraska, County of Wayne, ss. Be it remembered that on the 1st day of June, 1907, Harry M. Ramsey, of Wayne county, and state of Ne-

braska, and H. F. Wilson, of Wayne county, state afore-said, appeared personally before the undersigned I. W. Alter, police judge in and for the city of Wayne, county of Wayne, and jointly and severally acknowledged themselves to be indebted to the state of Nebraska in the sum of two hundred dollars to be made and levied on their respective goods, chattels, lands and tenements; to be void, however, if the said Harry M. Ramsey shall personally be and appear before the district court for Wayne county, Nebraska, on the 9th day of December, 1907, at 9 o'clock A. M. of said day, to answer the charge preferred against him for the crime of selling liquors to minors, and to do and receive what shall be enjoined by said court upon him, and shall not depart the said court without leave. Witness our hands this 1st day of June, 1907. Harry M. Ramsey, H. F. Wilson." The magistrate did not indorse upon this paper his formal approval, but marked it "Filed," and treated it as a recognizance to perfect an appeal, by making out a transcript and filing the same with the original papers in the case in the district court.

In the transcript, after the entry of the judgment of conviction, there follows this entry: "Whereupon the defendant's attorneys state in open court that the defendant would appeal said action to district court. Therefore I ordered the defendant to enter into a recognizance in the sum of $200 conditioned for his appearance in the district court, and afterwards, to wit, on said day, at 5 o'clock P. M., there was left in my office by F. A. Berry a paper which I thereupon filed, being the paper entitled 'Appearance Bond,' and which is certified to the district court with the complaint and warrant herein, but said appearance bond was not signed by the surety thereon in my presence, nor did the defendant or said surety appear before me at any time and enter into a recognizance or acknowledge the execution of said appearance bond or acknowledge themselves recognizers. Whereupon I prepared a transcript of my docket of this case and filed the same in the district court."

In the district court, the prosecution having moved to dismiss the appeal on the ground that the defendant had failed to comply with the provisions of the statute in reference to giving a recognizance, the defendant made a showing to the court, properly verified, that he executed the recognizance in the presence of the magistrate, who permitted him to take the same away to be signed by his surety; that, after the signing of the same by the surety, the recognizance was filed in the office of the magistrate, who informed the defendant's attorney that he was satisfied with the surety and recognizance, and would accept and approve the same. Upon this showing the defendant asked the court for an order requiring the magistrate to certify to the court a full, true and correct transcript of the proceedings, and to evidence his approval of the recognizance by attaching his signature thereto. This application was denied, and judgment was rendered dismissing the defendant's appeal, from which he prosecutes this proceeding in error.

1. The right of the defendant to appeal from the judgment of a magistrate imposing fine or imprisonment is upon condition that he shall within 24 hours after the rendition of such judgment enter into a recognizance to the people of the state of Nebraska in a sum not less than $100, with sureties to be fixed and approved by the magistrate, conditioned for his appearance at the district court of the county at the next term thereof to answer the complaint against him. Criminal code, sec. 324. At common law a recognizance was entered into by the obligor and his sureties personally appearing in court and orally entering into the obligation, the proceeding being entered in the records of the court by the proper officer. In this state the distinction between a recognizance and a bond has largely been lost in actual practice, and it has been customary for many years for a defendant and sureties to sign a printed blank similar to the one used in this case. It is essential that the defendant and his sureties should in some manner acknowledge the obligation in the pres-

ence of the court; but this may be done in writing, as well as orally, and there is no longer any doubt that an obligation like the one given in this case, executed in the presence of the court, is a recognizance within the meaning of the statute. *King v. State,* 18 Neb. 375. The provisions of section 324 of the criminal code are mandatory, and must be strictly complied with to entitle the defendant to an appeal. *Zobel v. State,* 72 Neb. 427. Where the defendant and his sureties sign a paper like the one under consideration in presence of the magistrate, he can truthfully certify that they have made the requisite acknowledgment to him and in his presence; but, where the paper has not been signed in his presence, we do not see how the magistrate can truthfully certify that the obligors made the required acknowledgment, or even that their signatures are genuine. It is suggested that the magistrate by receiving the paper without objections waived the requirement that a recognizance be entered into in his presence. As to those matters confided to the discretion of the magistrate, his acts may be determined from his conduct. It is entrusted to him to fix the amount of the recognizance required in excess of $100, and he may be held to have fixed the amount of a bond by receiving it without objections. Again, he is required to approve of the sufficiency of the sureties, and his conduct in taking a recognizance and acting upon it might be regarded as equivalent to an approval. But the magistrate can waive nothing. He cannot dispense with any essential requirement of the statute. We think it essential that the recognizance, whether oral or in writing, should be entered into or acknowledged in the presence of the magistrate, and that this essential requirement cannot be dispensed with.

2. The question whether the district court had power by rule to require a further transcript from the magistrate in the appeal proceeding is elaborately argued in the briefs upon which this case is submitted. The showing made by the defendant was that he himself signed in the presence of the magistrate; but he fails to allege that the

surety was ever present in court to either sign or acknowledge the obligation in question. Assuming that the district court may by rule summarily require an amended or supplementary transcript from the magistrate, the application was properly denied in this case, for the reason that it would have availed the defendant nothing to show that he signed or acknowledged the obligation in the presence of the court, without also showing that his surety executed it in the same manner.

We therefore recommend that the judgment of the district court be affirmed.

FAWCETT and ROOT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.