LARRY ANDERSON, PLAINTIFF IN ERROR, V. STATE OF NEBRASKA, DEFENDANT IN ERROR.

81 N. W. 2d 219

Filed February 22, 1957. No. 34118.

*Charles A. Fisher,* for plaintiff in error.

*Clarence S. Beck,* Attorney General, and *Richard H. Williams,* for defendant in error.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, WENKE, and BOSLAUGH, JJ.

WENKE, J.

This is an error proceeding from the district court for

Sioux County lodged in this court by Larry Anderson. Anderson was the defendant below and we shall so refer to him in this opinion. Defendant complains of the district court's order dismissing his appeal from the county court of Sioux County.

Defendant seems to have gotten into trouble in the village of Harrison in Sioux County on November 17, 1954. As a consequence thereof the sheriff of that county brought charges against him in the county court complaining that he was disturbing the peace; operating a motor vehicle while under the influence of alcoholic liquor; operating a motor vehicle upon the streets and highways in willful disregard for the safety of persons and property; and willfully resisting, abusing, and threatening the marshall of the village of Harrison. On November 19, 1954, defendant entered a plea of guilty to the first two and fourth of these charges and was sentenced thereon, the third being dismissed. Thereafter, on November 26, 1954, defendant sought to appeal from all three charges on which he had been sentenced, giving notice of appeal and providing a bond for that purpose.

In the county court the complaint of disturbing the peace was filed as case No. 542 and the complaints charging the other three offenses were filed as case No. 543.

On November 27, 1954, which was within 10 days of November 19, 1954, defendant filed with the county judge of Sioux County a notice of his intention to appeal to the district court for Sioux County together with a praecipe. The notice of appeal covered all three of the charges to which he had pleaded guilty and on which he had been sentenced. The praecipe requested the county judge to fix the amount of the appeal bond and to prepare a properly certified transcript for appeal to the district court containing the complaint, judgment, notice of appeal and praecipe, order fixing the amount of the appeal bond, and the appeal bond. The county

judge thereupon fixed the amount of an appeal bond at $500 which the defendant provided. The bond given to and accepted by the county judge covered all three offenses to which the defendant had pleaded guilty and on which he had been sentenced. The written bond was executed in the form provided by section 29-611, R. R. S. 1943, and met all the conditions therein specified. See, Benson v. State, 158 Neb. 168, 62 N. W. 2d 522, 42 A. L. R. 2d 991; McDonald v. State, 161 Neb. 118, 72 N. W. 2d 521. This was essential. See, Killian v. State, 114 Neb. 4, 205 N. W. 575; Thomsen v. State, 82 Neb. 634, 118 N. W. 330. As stated in Killian v. State, *supra:* "Section 1, ch. 113, Laws 1923, is mandatory in its terms and is but an amendment of section 9999, Comp. St. 1922 (now section 29-611, R. R. S. 1943), which has been frequently held by this court to be mandatory. In construing section 9999, this court has held that a defendant in a misdemeanor case, desiring to appeal from an inferior court to the district court, must substantially comply with the statute in order to give the latter court jurisdiction."

The county judge accepted and approved the bond given, which is all the statute requires. Thereupon, pursuant to the praecipe, the county judge prepared the transcript requested in both cases Nos. 542 and 543, being respectively cases Nos. 2193 and 2194 in the district court.

In case No. 543, which is the one with which we are here concerned, the county judge certified that he had compared the copies therein contained with the original thereof in this case, which remained in his court, and that they were correct copies thereof and a correct transcript of the whole of said original record. This was conclusive in the district court that the county judge had accepted the notice of appeal and bond in case No. 543, and approved the latter. We have always adhered to the rule that in appellate proceedings the record of the trial court, when properly prepared and verified,

imports absolute verity. See, Worley v. Shong, 35 Neb. 311, 53 N. W. 72; Sullivan v. Benedict, 36 Neb. 409, 54 N. W. 676; McDonald v. State, *supra*. As stated in Sullivan v. Benedict, *supra:* "The record of the county court, as embodied in a duly authenticated transcript, imports absolute verity and cannot be contradicted in the appellate court by extrinsic evidence." And, as held in In re Estate of Bednar, 151 Neb. 242, 37 N. W. 2d 195, and quoted with approval in McDonald v. State, *supra:* "Appellee introduced evidence in the district court to the effect that the date of April 20, 1948, as shown by the transcript, was not the correct date the order was made by the county court, but that it was made at a later date. Any evidence of this character was improper. It is a fundamental rule applicable to all appellate proceedings that the record of a court where a matter originated or was tried when properly authenticated imports absolute verity and cannot be contradicted, varied, or changed by oral testimony or any extrinsic evidence. An issue of fact cannot be made in this court as to any matter properly shown by the records of the court where the case originated or was tried from whence the case comes to this court for review."

Section 29-611, R. R. S. 1943, which provides the procedure whereby a defendant shall have the right of appeal to the district court of the county in such cases as here, which Article V, section 17, of our Constitution guarantees, requires, when a bond is given and approved, that: "The magistrate from whose judgment the appeal is taken shall forthwith make return of the proceedings had before him, and *shall certify the complaint* and the warrant *together with all such recognizances to the district court, * * *.*" (Emphasis ours.) It will be noted that the duty to prepare and file the transcript is with the county judge after he has been notified of the intent to appeal and proper bond, conditioned as provided by this statute, has been given to,.

accepted, and approved by him. That the transcript should contain the original complaint and recognizance is fully evidenced by sections 29-612 and 29-613, R. R. S. 1943. The first of these statutes requires that when the transcript and recognizance are turned over to the clerk of the district court it is his duty, as far as the recognizance is concerned, to file it and then record it in a book kept for that purpose; whereas, the second statute cited provides the district court shall hear and determine any case so appealed upon the original complaint.

As already indicated the transcript filed on December 3, 1954, in the clerk of the district court's office contained only copies of these instruments. Upon the State moving to quash the transcript and dismiss the appeal, the district court found there was no proper transcript on file and therefore ordered the county judge to transmit the original papers and transcript of what transpired in the county court.

That the district court had jurisdiction of the appeal and authority to make such order seems clear, for, as stated in Fulton v. Ryan, 33 Neb. 456, 50 N. W. 430: "Where a transcript of a judgment rendered in a justice court is filed by either party in the district court within thirty days from the date of the judgment, the appellate court will thereby acquire jurisdiction of the case, although the transcript is not full and complete."

In discussing this matter the court therein stated: "But suppose an imperfect one is filed in time, as was the first one in this case, would not the appellate court acquire jurisdiction to order a perfect transcript sent up? There can be no doubt of it. To our mind it appears illogical to say that the district court obtained jurisdiction for such purpose, but lost jurisdiction when the complete transcript was filed. That no order of the court was taken against the justice to send up a perfect transcript is quite immaterial. The same purpose was accomplished by its being voluntarily furnished.

When a transcript is filed in time, although incomplete, the appellate court acquires jurisdiction of the case."

· Was the defendant estopped to file a correct transcript? As already set out it was the duty of the county judge, placed on him by the statute, to prepare the transcript and file it in the office of the clerk of the district court. In such instances the party appealing does not lose his rights because the judge either fails to perform his duty properly or out of time, provided the failure is not because of any act or fault of the party seeking to appeal or his counsel. None is here shown.

As stated in Drexel v. Reed, 65 Neb. 231, 91 N. W. 254: "Where a party has, within due time, done all that is legally required to perfect an appeal, and no waiver of transmission of records by county judge is shown, district court does not lose jurisdiction of appeal by reason of its being filed six days late."

And in Larson v. Wegner, 120 Neb. 449, 233 N. W. 253, we said: "We have held that, where the appellant has done all things necessary, he cannot be deprived of his appeal by the negligence or fault of the officers of the court whose duty it is to prepare the transcript."

We think the trial court was correct in ordering the county judge to do what he did. On June 13, 1955, the county judge sought to comply therewith but in this case his transcript did not contain a notice of appeal or bond. Thereupon the district court sustained the State's motion to quash and dismissed the appeal. It is from this order that the error proceeding was taken by the defendant after his motion for new trial had been overruled.

· It becomes apparent that after the district court, on May 10, 1955, ordered the county judge to file the original papers with the transcript in each appeal that the latter had required only one written notice of appeal and one bond to be deposited with him covering all three charges on which defendant had been sentenced in cases Nos. 542 and 543. He thereupon filed the notice of ap-

peal and bond in case No. 542, thus having neither to transmit to the district court in No. 543. Since the notice of appeal and bond had been accepted and the bond approved by the county judge, to cover all of the charges, which is all that the statute requires, we do not think the fact that the county judge does not now have separate original instruments to place in each transcript should defeat defendant's right to appeal.

We think the district court should have given defendant a reasonable length of time to have prepared and executed a duplicate original bond to be deposited with the clerk of the district court in order to complete the transcript and to carry out what the county judge had not been able to do because he accepted one original written bond covering all three charges when he should have required two in order to be able to properly prepare two separate transcripts on appeal. As stated in Chase v. Omaha Loan & Trust Co., 56 Neb. 358, 76 N. W. 896: "The district court gave no opportunity to the appellant to give a new bond, but peremptorily dismissed the appeal. This was substantial error."

What has been said of the bond would also be applicable of the notice of appeal, although the statute does not require it to be in writing.

In view of what we have herein said we think the trial court was in error in dismissing the appeal. We therefore reverse its judgment in this respect and remand the cause with directions that it give defendant 30 days in which to deposit with the clerk of the district court a duplicate original of both the notice of appeal and bond. That if he does so, with the same sureties, within that time that the cause then stand for trial but if he fails to do so within that time that the appeal be dismissed.

REVERSED AND REMANDED WITH DIRECTIONS.

CHAPPELL, J., participating on briefs.