STATE OF NEBRASKA, APPELLANT, v. JERRY A. WINEMAN, APPELLEE.

164 N. W. 2d 468

Filed January 31, 1969. No. 37073.

George A. Sommer, for appellant.

Lyman & Meister, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ., and WALTER H. SMITH, District Judge.

NEWTON, J.

Defendant was charged in the police court of the city of Scottsbluff, Nebraska, with a violation of the city ordinance prohibiting willful reckless driving. He was convicted of the offense charged, gave notice of appeal, and filed an appeal bond which was duly approved, all in accordance with the provisions of section 18-203, R. R. S. 1943. Transcript on appeal was not filed in the district court until 119 days thereafter.

Upon filing of the transcript in the district court, defendant moved for dismissal of the complaint on the ground that the police magistrate had failed to prepare and deliver the transcript to the clerk of the district court *forthwith* as required by statute. The motion was sustained and the complaint dismissed. The State has appealed to this court. We reverse the judgment of the district court.

Section 18-203, R. R. S. 1943, requires that the magistrate shall *forthwith* make and deliver such transcript to the appellate court. In this respect, no burden is placed upon either party to the action, it being the mandatory duty of the magistrate to perform this function.

Unlike many of our statutes regulating appeals, the cited statute does not require the filing of a transcript in the appellate court within a specified time. It simply commands that it be done forthwith. The statute was not complied with and the effect would be the same as that in case of a failure to comply with a statute requiring that the transcript be filed within a specified number of days. Were the appealing party at fault, his appeal should be dismissed. See, Iron Bear v. State, 149 Neb. 634, 32 N. W. 2d 130; Anderson v. State, 163 Neb. 826, 81 N. W. 2d 219. In this case the defendant had performed every act required of him for the completion of his appeal. The failure on the part of the police magistrate to perfect the appeal in violation of a mandatory duty did not deprive the district court of jurisdiction and cannot deprive either party of his right to be heard.

See, Anderson v. State, *supra;* Liljehorn v. Fyfe, 178 Neb. 532, 134 N. W. 2d 230.

To rule otherwise would mean that defendant's appeal had failed and that the judgment of the police court was final. Certainly, even if the district court was warranted in dismissing the appeal, it was totally lacking in grounds for a dismissal of the complaint.

Defendant contends that the delay in filing the transcript on appeal deprived him of his right to a speedy trial. We do not agree. Defendant might readily have brought about an earlier filing of the transcript had he been sufficiently concerned to take the necessary steps to bring it about. Also, he has had his day in court in the first instance and no complaint is registered about undue delay of hearing in the police court.

The judgment of the district court is reversed and the cause remanded.

REVERSED AND REMANDED.