ISAAC OPPENHEIMER ET AL. V. SAMUEL McCLAY, ADMINISTRATOR, ETC.

[FILED OCTOBER 28, 1890.]

1. **Appeal:** COUNTY JUDGE: FAILURE TO FILE TRANSCRIPT. A judgment was rendered against the plaintiffs in error in the county court of Lancaster county. Within ten days thereafter an appeal bond was filed and a transcript of the proceeding was ordered. The judge thereupon promised to make out a transcript and file the same in the district court within the statutory time, but failed to do so. The transcript was filed more than thirty days after the rendition of the judgment. *Held*, That the neglect of the judge to file the transcript in time is the neglect of the appellants.

2. ———: ———: ———: DISMISSAL. *Held*, That it was not error to sustain the appellee's motion to dismiss the appeal.

ERROR to the district court for Lancaster county. Tried below before FIELD, J.

*Pound & Burr*, for plaintiffs in error, cited: *Dobson v. Dobson*, 7 Neb., 296; *R. V. R. Co. v. McPherson*, 12 Id., 480.

*Chas. E. Magoon*, contra, cited: *Nuckolls v. Irwin*, 2 Neb., 65; *Verges v. Roush*, 1 Id., 113; *Glore v. Hare*, 4

Id., 131; *Horn v. Miller*, 20 Id., 104; *U. P. R. Co. v. Marston*, 22 Id., 722; *Gifford v. R. Co.*, 20 Id., 538.

NORVAL, J.

The defendant in error recovered a judgment against the plaintiffs in error, in the county court of Lancaster county on the 10th day of December, 1887. The defendants below gave an appeal bond and filed a transcript of the judgment in the office of the clerk of the district court of the county on the 7th day of February, 1888. Malone filed in that court a motion to dismiss the appeal, on the ground that the transcript was not filed within thirty days from the rendition of the judgment. The motion was sustained and the appeal dismissed.

The transcript was not filed within the time limited by the statute for the taking of appeals. It is claimed that the failure to perfect the appeal sooner is not attributable to the fault or neglect of the plaintiffs in error, but to that of the county judge.

It appears that Isaac Oppenheimer, one of the defendants below, within ten days after the entry of the judgment in the county court, and at the time of filing the appeal undertaking, applied to the judge of that court for a transcript of the proceedings, and was informed by the judge that he could not prepare the transcript just then, but he would make out and file the same with the clerk of the district court within the time required by law. Relying upon this promise, Oppenheimer the next day left the state on business and did not return for more than a month afterwards. The judge neglected to make out and file the transcript as he agreed. When Oppenheimer returned he procured and filed one.

The proofs offered in resistance of the motion to dismiss the appeal fail to show that the appellants were diligent in perfecting their appeal. The neglect of the county judge to deliver the transcript to the clerk of the district court

was not an omission of any official duty he owed the appellants. It was their duty, under the law, to have their appeal docketed in the district court, and a failure of the county judge to do so is attributable to them. It can make no difference that the judge of his own accord volunteered to perform the services for the appellants. They could not, by relying upon his promises to perform for them an unofficial act, escape the consequences of his neglect. It is quite immaterial that the offices of the county judge and clerk of the district court were at the time in the same building. The facts in this case bring it within the decisions of *Gifford v. R. V. & K. R. R. Co.*, 20 Neb., 538, and *U. P. R. R. Co. v. Marston*, 22 Id., 722. In the former case the appellant, by letter, ordered the transcript and requested the county judge to deliver or send it to the clerk of the district court. The court in the opinion says : "This was not a service which in any event or upon any demand and tender of fees would become due to the plaintiff or to any party from the county judge. It was not demanded as a matter of law or of right, but requested doubtless as a matter of favor or courtesy. Had this service been performed by the county judge as requested, so far as delivering or sending the transcript to the clerk of the district court was concerned, he would have done it only as the friend or agent of the plaintiff or of his attorney, and not in his official capacity as county judge; and so his failure or neglect in that regard is the failure or negligence of the plaintiff."

In the second case, the appellant's attorney made an arrangement with the justice of the peace before whom the cause was tried, to file the transcript in time. The justice failed to do so. It was held that the neglect of the justice did not relieve the appellants of the consequences of such neglect.

The plaintiffs in error not having shown sufficient excuse for the failure to file the transcript within thirty days

after the rendition of the judgment, the district court did not err in dismissing the appeal.     The judgment is

THE other judges concur.