## C. S. WORLEY v. SAMUEL SHONG.

[FILED SEPTEMBER 28, 1892.]

1. **Appeal:** CONCLUSIVENESS OF RECORD. In all appellate proceedings the records of the trial court, when properly verified, import absolute verity.

2. **Diminution of Record:** RULE TO CORRECT JUSTICE'S JOURNAL ENTRY ON HIS DOCKET NOT ALLOWED. On the suggestion

of a diminution of the record, if it appears that any material part of the record has been omitted, the court will, by rule, require such record to be supplied; but a rule will not be allowed to require a justice of the peace to correct a journal entry on his docket.

3. **Justice of the Peace: JURY TRIAL: TIME OF ENTERING JUDGMENT ON VERDICT.** In a trial to a jury before a justice of the peace a verdict was returned and filed at twenty-five minutes after 8 o'clock P. M., but judgment was not entered thereon until the next day. *Held*, That the judgment was not entered immediately within the meaning of section 1002 of the Code, and that the justice had lost jurisdiction at the time the entry of judgment was made.

ERROR to the district court for Box Butte county. Tried below before KINKAID, J.

*W. M. Iodence*, for plaintiff in error.

*C. W. Gilman*, and *B. F. Gilman*, contra.

POST, J.

The plaintiff in error sued the defendant in error before a justice of the peace of Box Butte county. The cause was tried to a jury, resulting in a verdict for the plaintiff. From the transcript of the justice it appears that the verdict was returned and filed at 8 o'clock and 25 minutes P. M. February 4, 1890, but that judgment was not entered thereon until the next day. Defendant in error filed a petition in error in the district court of said county, by which he sought to reverse said judgment, on the ground that it was not entered immediately upon the returning of the verdict, as provided by section 1002 of the Code. In the district court he filed an affidavit to the effect that the justice did, in fact, enter judgment on the day the verdict was returned and immediately thereafter, and so entered it on his docket, but had subsequently altered the entry so as to show that it was not entered until the following day. Upon this showing he suggested a diminution of the record and moved for an

Worley v. Shong.

order- requiring the justice to certify accordingly. This motion was overruled, to which exception was taken. The district court did not err in overruling the motion aforesaid. In all appellate proceedings the record of the trial court, when properly prepared and verified, imports absolute verity. (Elliott on Appellate Proceedings, 186.) It is one thing to amend the transcript and quite a different thing to change the record. (Id., 190.)

The rule is well settled, both in appeals and proceedings in error, that this suggestion will be entertained and the rule allowed only when it is made to appear that there is an additional record in the trial court; in short, that some part of the record has been omitted. For the purpose of the petition in error the district court rightly held that the transcript of the justice, duly certified, could not be impeached. The district court, having refused to allow an order for the correction of the record by the justice of the peace, entered judgment reversing the judgment for plaintiff. The court evidently followed *Thompson v. Church,* 13 Neb., 287, and *Austin v. Brock,* 16 Id., 642, in holding that the judgment was not entered "immediately" upon the finding and return of the verdict within the meaning of section 1002 of the Code. This case is clearly within the rule announced in the above cases. It may be that a more liberal construction would have been in harmony with the spirit of the Code, but having been the recognized rule in this court for many years, it will be adhered to until changed by the legislature. We are of the opinion that the justice of the peace had lost jurisdiction at the time the entry of judgment was made. The judgment of the district court is right and should be

AFFIRMED.

THE other judges concur.