State, ex rel. Cochran, v. Hopewell.

———

STATE OF NEBRASKA, EX REL. CHARLOTTE A. COCHRAN ET AL., V. MELVILLE R. HOPEWELL, JUDGE.

[FILED DECEMBER 16, 1892.]

1. **Bill of Exceptions**: TIME FOR PREPARATION: LIMITATION. The time within which a party must prepare and serve a bill of exceptions begins to run from the final adjournment of the term of court at which the cause was decided, and not from the date of the formal entry of the judgment by the clerk upon the court journal.

2. ——: ——: ——. *Bickel v. Dutcher*, 35 Neb., 761, distinguished.

3. ———: ———: ———. When a cause is tried to the court, without the intervention of a jury, at one term of the district court and taken under advisement, and final decree rendered at a subsequent term of said court, the time for settling of a bill of exceptions begins to run from the close of the term at which the decision was rendered.

4. Record: CONCLUSIVENESS OF RECITALS: REMEDY FOR ERRONEOUS RECORD. The recitals of the record of a trial court are conclusive upon the parties as to the term at which a decree was rendered. If the record is incorrect, the remedy is by a proper proceeding in the trial court to secure a correction of the same.

ORIGINAL application for *mandamus*.

*Brome, Andrews & Sheean,* for relators.

*B. G. Burbank, contra.*

NORVAL, J.

This is an original application for a writ of *mandamus* to compel the defendant to sign a bill of exceptions in the case of Thomas Hines against the relators and others, which was tried before respondent in the Douglas county district court. The action above mentioned was to foreclose a mechanic's lien. Affidavits were filed to the effect that the cause was tried at the May, 1891, term of said court, and the decision was orally announced in open court in the presence of the parties on the 8th day of August, 1891, the same being a day in said May term of court; that on the same day a draft of the decree was prepared by the attorney for the successful party, which was presented to the attorney for the relators as well as the attorneys for all the other parties interested in the litigation, who approved the same; that immediately thereafter, and on the said 7th day of August, the said draft of the decree was filed with the clerk of the district court, who indorsed thereon the following: "Filed August 8, 1891. Frank E. Moores, Clerk." That, by the terms of the decree so

drawn, relators were given forty days from the rising of
the court to prepare and serve their bill of exceptions;
that the May term of the district court of Douglas county
finally adjourned on the 15th day of August, 1891; that
the said draft of the decree was not presented to respond-
ent for his signature until the 30th day of December, 1891,
which was a day in the September term, when the draft of
the decree was approved by him, and it was then recorded
in the journal of the district court as a final decree as of
the September term; that the September, 1891, term of the
district court of Douglas county adjourned without day on
the 23d day of January, 1892; that on the 20th day of
March, 1892, and within forty days from the rising of
said court for said term, relators caused to be prepared and
served upon counsel for the adverse parties a true bill of
exceptions, who refused to receive the same, and declined
to propose any amendments thereto; that the proposed bill
was thereupon presented to respondent for his signature,
who refused to sign or allow the same on the ground that
it had not been served upon the adverse parties within forty
days from the final adjournment of the term of court at
which the decree was rendered.

It is conceded that the proposed bill is correct. Was it
completed, served upon the parties in interest, and presented
to the judge for his signature within the time allowed by
statute? Section 311 of the Code of Civil Procedure, re-
lating to bills of exceptions, provides that " When the
decision is not entered on the record, or the grounds of ob-
jection do not sufficiently appear in the entry, the party
excepting must reduce his exceptions to writing within fif-
teen (15) days, or in such time as the court may direct, not
exceeding forty (40) days from the adjournment of the
court *sine die*, and submit the same to the adverse party or
his attorney of record for examination and amendment if
desired," etc. Manifestly under the above statutory pro-
vision the time within which a party must complete and

serve his bill of exceptions begins to run from the final adjournment of the term of court at which the trial is had and the decision rendered.   This is conceded by respondent, but he insists that the case of *Hines v. Cochran et al.* was tried and decided at the May, 1891, term of the district court, therefore relators only had forty days from the adjournment *sine die* of said term to reduce their exceptions in the case to writing and serve the same upon the adverse parties.   The case of *Horn v. Miller*, 20 Neb., 98, is cited to sustain his contention.   It was there held by a divided court, that the time in which an appeal to the supreme court must be taken commences to run from the date on which the trial court orally announces its conclusion and judgment and not from the day on which the judgment is actually and formally entered on the journal by the clerk in vacation.   The decision in *Horn v. Miller* is no longer to be regarded as a precedent on that question, since that case has, in direct terms, been overruled by this court in the opinion written by Judge Post in *Bickel v. Dutcher*, 35 Neb., 761, wherein it is stated that "the time within which an appeal may be taken from a decree of the district court does not begin to run until such decree has been entered of record, so that it is within the power of the appellant to comply with the statute regulating appeals by filing in this court a certified transcript of the proceedings of the district court."   The question involved in *Bickel v. Dutcher* was carefully considered, and we are satisfied the rule there announced is sustained both by reason and the weight of authority, and should be followed in similar cases.   But we are unwilling to hold that the time begins to run for the settling of a bill of exceptions from the date of the formal entry of the judgment or decree by the clerk upon the journal of the court.   The statutory provision which limits the time for appeals from the district court differs materially from the one which governs the settling of bills of exceptions.   The former requires that the transcript must

be filed in the office of the clerk of the supreme court " within six months after the date of the rendition of the judgment or decree or the making of the final order," while the section of the statute relating to bills of exceptions above quoted provides that the party must reduce his exceptions to writing "within fifteen (15) days, or in such time as the court may direct, not exceeding forty (40) days from the adjournment of the court *sine die.*" In the one case time is computed from the rendition of the judgment or decree, while in the other it is from the date of the final adjournment of the term. There is good reason for holding that for the purpose of taking an appeal a judgment is not considered rendered until it is actually entered upon the record, since until such entry is made there is no authentic record evidence that a judgment has been rendered in the case. It is impossible for a party to perfect an appeal before he can obtain a transcript of the proceedings. The settling of a bill of exceptions does not depend upon the formal entry of a judgment or decree upon the journal of the court. We know that it frequently happens that judgments are not actually spread at large upon the records until after the adjournment of the term at which they were orally announced by the court, when they are entered by the clerk upon the court journal as of the date and of the term at which the decisions were rendered. In such a case the time of settling a bill of exceptions begins to run from the final adjournment of the term of court, and not from the date of the formal entry of the judgment by the clerk.

At which term of the district court was the decree in *Hines v. Cochran* rendered? If the determination of the question depended upon the affidavits filed in this case, we would be forced to the conclusion that the decree was pronounced at the May, 1891, term. But there is in the record other evidence, of a higher character, of the date of the rendition of the decree. A certified copy of the journal

entry of the district court in said cause is before us, which recites that "At the September term of said court, and on the 30th day of December, 1891, a decree was rendered herein as follows:

"THOMAS HINES

v.

CHARLOTTE A. COCHRAN ET AL.

"This cause came on to be heard at a previous term of this court upon the petition of the plaintiff, the answer and cross-petitions of   *   *   *,   the several replies filed herein, and the evidence, and being submitted to the court, and the court, being fully advised in the premises, find *   *   * and forty days from the rising of the present term to prepare and serve a bill of exceptions herein."

It appears from the above journal entry that the cause was tried at the May, 1891, term, and the decision was rendered at the following September term. The record is conclusive as to the time the decree in question was rendered, and neither party can contradict the statements of the record by affidavits or other evidence. If the record is incorrect as to the time the decree was rendered, the remedy is by a proper proceeding in the trial court to correct the error, if one was made. The record of the trial court imports absolute verity. (*Haggerty v. Walker*, 21 Neb., 596; *Worley v. Shong*, 35 Neb., 311; *McAllister v. State*, 81 Ind., 256.) That the cause was tried at the May term of the district court is quite immaterial. The time of completing and serving a bill of exceptions in the case did not commence to run from the adjournment of that term, for the reason no decision was made until the succeeding term. In a cause tried to the court without the intervention of a jury at one term and decided at a subsequent term, it has been held that the party has the statutory time for reducing his exceptions to writing after the close of the term at which the decision was made. (*Wineland v. Cochran*, 8 Neb., 528.)

The conclusion is irresistible, that the proposed bill of exceptions in the case was prepared and served in ample time, and that the respondent should have signed and allowed the same. This being the opinion of the court, we doubt not that the respondent will promptly discharge such duty and not wait for a writ to issue. The writ therefore will be withheld.

JUDGMENT ACCORDINGLY.

THE other judges concur.