R. H. HOWARD ET AL. V. GOODRICH LODGE HALL
ASSOCIATION.

FILED SEPTEMBER 18, 1894.   NO. 5791.

Appeal from Justice Court: FAILURE TO FILE TRANSCRIPT
IN TIME: EXCUSE FOR DELAY. A mere mistake of fact, for
which the appellee is in nowise responsible, will not excuse the
filing in the district court, within thirty days, of the transcript
required on appeal from a judgment of a justice of the peace or
the county court.

ERROR from the district court of Douglas county. Tried
below before FERGUSON, J.

*Saunders, Macfarland & Dickey,* for plaintiffs in error:

In absence of default or laches on the part of an appel-
lant his right of appeal cannot be defeated by the absence
or neglect of a justice of the peace. (*Dobson v. Dobson,* 7
Neb., 296; *Noble v. Houk,* 16 S. & R. [Pa.], 421; *Smi-
ley v. Sampson,* 1 Neb., 83; *Lytle v. State of Arkansas,* 22
How. [U. S.], 193; *Louderback v. Boyd,* 1 Ashm. [Pa.],
380; *Republican V. R. Co. v. McPherson,* 12 Neb., 480.)

*Lake, Hamilton & Maxwell, contra:*

The appellant must be diligent and file his transcript
within the time limited by statute or the appeal will fail.
(*Lincoln Brick & Tile Works v. Hall,* 27 Neb., 877; *Op-
penheimer v. McClay,* 30 Neb., 654; *Converse Cattle. Co.
v. Campbell,* 25 Neb., 37; *Slaven v. Hellman,* 24 Neb., 646;
*Gifford v. Republican V. & K. R. Co.,* 20 Neb., 538.)

POST, J.

This is a petition in error from the district court of
Douglas county. From the record it appears that judg-
ment was rendered against the plaintiffs in error by the

county court of said county on the 12th day of July, 1892. On the 22d day of the same month they filed an appeal bond and ordered a transcript of the proceedings in the county court for the purpose of prosecuting an appeal. A transcript was prepared and duly certified on the 26th day of July, but was not called for by the plaintiffs or filed in the district court until the 15th day of August, which was after the expiration of the thirty days allowed for the perfecting of the appeal. (Secs. 1008, 1011, Code Civil Procedure.) On motion of the defendants the appeal was dismissed by the district court, and which is the ruling now assigned as error.

It is shown by the affidavits submitted to the district court that the county judge was absent from the state continuously from the 4th to the 15th day of August, and that counsel for plaintiffs were not advised that the transcript had been prepared in accordance with their request. It is conceded that it was procured and filed with the least possible delay after the return of the judge. The county judge of Douglas county has a clerk appointed under the provisions of the act of March 31, 1887 (sec. 46a et seq., ch. 28, Comp. Stats.), who, according to affidavits filed in support of the motion to dismiss, was in charge of the office during the absence of the judge, and would have delivered the transcript had application been made therefor at any time during business hours. Upon the facts thus stated appeal was properly dismissed. The case of *Dobson v. Dobson*, 7 Neb., 296, relied upon by plaintiffs, is not in point. The rule which must control in this case has been frequently applied by this court. (See *Gifford v. Republican V. & K. R. Co.*, 20 Neb., 538; *Slaven v. Hellman*, 24 Neb., 646; *Converse Cattle Co. v. Campbell*, 25 Neb., 37; *Lincoln Brick Works v. Hall*, 27 Neb., 874; *Oppenheimer v. McClay*, 30 Neb., 654.) There is no error in the record and the judgment of the district court is

AFFIRMED.