OMAHA LOAN & TRUST COMPANY, APPELLEE, V. RICHARD HOGEBOOM ET AL., IMPLEADED WITH CHARLES F. TUTTLE, APPELLANT.

FILED FEBRUARY 4, 1896.   No. 8026.

Appeal: RECORD FOR REVIEW: LACHES.  The record of the trial court in all appellate proceedings imports absolute verity. If such record is incomplete or incorrect, the remedy is by appropriate proceeding to secure a correction thereof in the lower court.

MOTION by appellee to dismiss appeal from a decree of the district court of Sarpy county on the ground that it was not taken in time. *Motion sustained.*

*F. A. Brogan,* for the motion.

*Charles F. Tuttle, contra.*

POST, C. J.

This is a motion by the Omaha Loan & Trust Company, the appellee, to dismiss the appeal on

the ground that it was not taken within the prescribed period of six months after the date of the final decree. Two transcripts have been filed in this court, both showing a decree rendered March 27, 1895, but differing in this: that one, viz., that filed by the appellant, is accompanied by a caption in which appears the following recital: "And afterward, on the 2d day of April, 1895, there was filed in the office of the clerk of the district court a decree, and the same became of record in journal 'F,' page 603, in words and figures following."

It is contended by appellant that the necessary and only inference from the foregoing recital is that the decree was not in fact entered until April 2, and that, following *Bickel v. Dutcher*, 35 Neb., 761, and *Ward v. Urmson*, 40 Neb., 695, the appeal taken October 1, following, was within the statutory time. The statement of the caption regarding the date of the filing of the decree does not purport to be a part of the record of the district court, but is a mere recital superadded by the clerk, and indicating, if it is to be regarded for any purpose, that the draft of the decree previously rendered and entered of record was, on the day named, lodged in the clerk's office and placed with the files of the court. It was said in *Bickel v. Dutcher* that the time for appeal begins to run against the appellant whenever it is within his power to comply with the statute regulating appeals by procuring a transcript of the proceedings of the district court; but in neither of the cases cited was it intimated that this court would look outside of the record of the trial court for the date of the order or decree appealed from. It is true that affidavits were received, but without objection, in *Bickel v. Dutcher*, tending to prove that the

Ryan v. Douglas County.

decree was rendered on a day other than that shown by the record. They were not, however, seriously urged or considered for the purpose of contradicting the record of the district court, and the decision in that case, as shown by the opinion, rests upon entirely different grounds. In *State v. Hopewell*, 35 Neb., 822, it was held that the record of the trial court is, on appeal to this court, conclusive evidence of the date of the order or decree appealed from; and if the record is incorrect, the remedy is by direct proceeding to secure a correction thereof in that court. Like views are expressed also in *Haggerty v. Walker*, 21 Neb., 596, *Worley v. Shong*, 35 Neb., 311, and *McAllister v. State*, 81 Ind., 256. The rule recognized in the cases cited is without doubt applicable to the case at bar. It follows that the appeal was not taken within the statutory time, and that the motion to dismiss must be sustained.

MOTION TO DISMISS SUSTAINED.