MERCHANTS SAVINGS BANK OF PROVIDENCE, APPELLEE, v. HATTIE A. NOLL ET AL., IMPLEADED WITH W. F. THOMAS, ASSIGNEE, APPELLANT.

FILED FEBRUARY 16, 1897.   No. 7023.

1. **Appearance: WAIVER OF NOTICE.** A defendant by a general appearance in an action thereby waives the issuance and service of summons therein.

2. **Review: HARMLESS ERROR.** A decree will not be reversed by this court on account of error unless prejudicial to the complaining party.

3. **Transcript for Review.** The record of the trial court, for the purpose of an appellate proceeding, when certified as required by law, imports absolute verity. (*Worley v. Shong*, 35 Neb., 311.)

4. ———: **CORRECTIONS.** In such case, if the record is incorrect or incomplete, the remedy is by appropriate proceeding to secure a correction thereof in the lower court. (*Omaha Loan & Trust Co. v. Hogeboom*, 47 Neb., 9.)

APPEAL from the district court of Dawes county. Heard below before BARTOW, J.   *Affirmed.*

*Allen G. Fisher*, for appellant.

*Albert W. Crites, contra.*

POST, C. J.

This was a proceeding by the appellee, the Merchants Savings Bank of Providence, Rhode Island, in the district

court for Dawes county to foreclose a certain mortgage executed by defendants Hattie A. Noll and John Noll to the Western Farm Mortgage Company. The appellant, Thomas, as assignee of the Sioux City Dry Goods Company, was made a party defendant and answered setting up a judgment against one O'Connor, to whom the mortgaged premises had been conveyed by the Nolls. There was a decree adjudging the plaintiff's mortgage to be a first lien upon the premises therein described, and awarding to the appellant a third lien thereon. Subsequently, and after the decree had been entered at large upon the record of the court, the appellant moved to strike from the records the last clause in the recorded decree, for the reasons: (1.) There is not of record, nor was there ever made by the court, any order for a decree of foreclosure. (2.) There is no warrant of law, nor any statute giving any authority, for the court to enter the order giving the plaintiff possession of the premises in controversy. (3.) There has not been filed in this case any evidence upon which the decree could be founded. (4.) Plaintiff has not filed any note or mortgage as required by statute for the foundation of the decree." From an order overruling said motion, as well as from the original decree, an appeal is prosecuted to this court.

The first proposition stated in the brief of appellant is that the decree is erroneous, for the reason that there was no service upon defendant Hattie A. Noll. It is a sufficient answer to that contention that the defendant named entered her voluntary appearance, thereby waiving the issuing and service of summons.

It is next argued that the district court erred in awarding to the plaintiff possession of the premises in controversy pending the sale thereof under the decree, or until payment of the amount adjudged due upon the mortgage. But appellant is not shown to be entitled to the possession of the mortgaged property, nor does he, so far as we can discover, claim any interest in the rents thereof. The decree is, therefore, at most as to him error without prejudice.

It is contended that the decree is not supported by sufficient proof, the notes and mortgage described in the petition not having been produced or filed with the clerk. But in the absence of a bill of exceptions containing the evidence before the district court, this assignment may be dismissed without further notice.

It is further contended that the decree has, without leave of the district court, been materially altered since its entry of record. Upon a suggestion by counsel for appellant assailing the transcript as filed herein, an order was made requiring the clerk of the district court to send up a true and certified copy of the decree appealed from, and which sustains the claim of the appellee in every particular. The record of the trial court, for the purpose of proceedings by petition in error or appeal, when properly certified, imports absolute verity. (*Worley v. Shong,* 35 Neb., 311; *Sullivan v. Benedict,* 36 Neb., 409.) If such record is incomplete or incorrect, the remedy is by appropriate proceeding to secure a correction thereof in the lower court. (*Omaha Loan & Trust Co. v. Hogeboom,* 47 Neb., 9.)

DECREE AFFIRMED.