## TUCKER BOLIN v. JOHN W. FINES.

FILED MAY 18, 1897. No. 8272.

1. **Replevin: JUSTICE OF THE PEACE: PLEADING.** In an action in replevin brought before a justice of the peace it is not necessary that the plaintiff should file a bill of particulars. The affidavit in replevin may be used in lieu thereof.

2. ———: ———: ———. The filing with a justice of the peace of an affidavit, substantially complying with the requirements of section 1034 of the Code of Civil Procedure, is a necessary prerequisite to invest such justice with jurisdiction to entertain an action in replevin, and to invest him with jurisdiction to issue a writ of replevin.

3. ———: ———: ———. An affidavit in replevin filed with a justice of the peace in which the affiant alleges that he is the owner and entitled to the immediate possession of certain property by virtue of a chattel mortgage thereon given to secure the payment of a note of $———, but does not allege that said note has matured or that any part of the same remains unpaid, or the existence of any exigency or fact entitling him to the immediate possession of the mortgaged property, does not state facts sufficient to invest the justice of the peace with jurisdiction to entertain the action in replevin, nor invest the justice of the peace with jurisdiction to issue a writ of replevin for the described property.

ERROR from the district court of Hall county. Tried below before KENDALL, J. *Reversed.*

*Dryden & Main,* for plaintiff in error.

*W. H. Thompson, contra.*

RAGAN, C.

This is an action in replevin brought before a justice of the peace of Hall county by John W. Fines against Tucker Bolin. Fines, in his replevin affidavit, alleged that he was the owner and entitled to the immediate possession of certain chattel property, describing it; that Bolin wrongfully detained the possession of said property from him, Fines; that said property had not been taken from him on any order or judgment, etc., following

the statute; that "the plaintiff has a chattel mortgage on the corn given by Oscar De Witt duly recorded, the same being security on a promissory note of $159.55." A trial of the action resulted in a judgment in favor of Fines, and Bolin appealed to the district court. In that court Bolin filed a motion to quash the replevin writ on account of the alleged insufficiency of the affidavit filed to procure the issuance of the same. This motion the court overruled. A trial in the district court resulted in a verdict and judgment for Fines and Bolin brings the case here for review on error.

The only assignment of error which we notice is the action of the court in overruling the motion to quash the replevin writ issued by the justice of the peace. Section 1033 of the Code of Civil Procedure provides: "A plaintiff may recover possession of specific personal property of less value than two hundred dollars before a justice of the peace as herein provided." And section 1034 of said Code provides: "An action for this purpose shall not be brought until there is filed in the office of the justice an affidavit of the plaintiff, his agent or attorney, showing (1) a description of the property claimed; (2) that the plaintiff is the owner thereof, or has a special ownership therein, stating the facts in relation thereto, and that he is entitled to the immediate possession of the property; (3) that the property is wrongfully detained by the defendant; (4) that it was not taken in execution," etc. It will thus be seen that the filing with the justice of the peace of an affidavit substantially complying with the requirements of the statute is a necessary prerequisite to invest the justice of the peace with jurisdiction to entertain an action in replevin, and to invest him with jurisdiction to issue a writ of replevin. (*Bardwell v. Stubbert,* 17 Neb., 485; *Commercial State Bank v. Ketcham,* 46 Neb., 568.) The statute does not expressly require the plaintiff in a replevin action brought before a justice of the peace to file a bill of particulars; and it was said in *Hill v. Wilkinson,* 25 Neb., 103, that section 951 of the Code of Civil

Procedure, which requires the filing of a bill of particulars on the part of the plaintiff in all cases before a justice of the peace, is not applicable to a case in replevin brought before a justice. It seems, therefore, that in an action in replevin brought before a justice of the peace the application may stand for the bill of particulars. Therefore, whether the court erred in refusing to quash the writ of replevin depends upon whether the affidavit filed to procure its issuance substantially complies with the requirements of said section 1034; that is, whether that affidavit states a cause of action in favor of the plaintiff in replevin against the defendant therein. This affidavit is imperfect; but section 121 of the Code requires the courts, in the construction of all pleadings, and for the purpose of determining their effects, to liberally construe the allegations thereof with a view to promote justice between the parties. Looking to the entire affidavit filed by Fines to procure this writ of replevin, we think the allegations amount to this: That Fines claimed to be entitled to the possession of this property because of the fact that he had a chattel mortgage upon it, and he seems to have been of the opinion that because of his mortgage he was the actual owner of the property. The affidavit complies with all the requirements of said section 1034, except that it does not allege the facts in relation to Fines' special ownership of the property. It does not allege when the mortgage was given, when the note matured which it was given to secure, or that the note had matured and was unpaid; nor does it allege the existence of any other fact, or that any exigency had arisen since the execution of the note and mortgage which entitled him to possession of the mortgaged property. We think, therefore, that the affidavit does not state a cause of action, that the allegations thereof were insufficient to invest the justice of the peace with jurisdiction to entertain the replevin action, and were insufficient to invest him with jurisdiction to issue the writ of replevin, and the court erred in not sustaining the

motion to quash it. The justice had no jurisdiction and the entire proceeding was void. The judgment of the district court is reversed and the action dismissed.

REVERSED.

HARRISON, J., not sitting.