J. Thompson & Sons Manufacturing Company v.
W. D. Nicholls et al.

Filed September 22, 1897.    No. 7410.

1. **Replevin: Rights of Mortgagee: Petition.** A petition in replevin by a mortgagee of chattels alleging that the plaintiff has a special interest in the property by virtue of a chattel mortgage, and that he is entitled to the immediate possession of such property, without alleging the facts in reference to his special ownership and the facts showing his right to the possession of the mortgaged property, does not state a cause of action.

2. **Record for Review: Amendment of Pleadings.** The statutes neither command nor authorize the supreme court to amend the record of the trial court in a case brought here for review.

Error from the district court of Gage county.    Tried below before Bush, J.    Reversed.

*George Arthur Murphy*, for plaintiff in error.

*E. O. Kretsinger, Griggs, Rinaker & Bibb, Alfred Hazlett,* and *S. D. Killen*, contra.

Ragan, C.

This is an error proceeding to review a judgment of the district court of Gage county. The action was brought originally in said district court and was one in replevin. Both the petition and affidavit in replevin filed in the court below alleged "that they [the plaintiffs] have a special interest by virtue of chattel mortgages made to them by George Raymond in the following described goods and chattels;    *    *    *    that plaintiffs are entitled to the immediate possession of said goods and that defendants wrongfully detain the same." The plaintiffs had a verdict and judgment.

1. It is evident that this petition does not state a cause of action, and consequently the pleadings do not support the judgment. (See *Raymond v. Miller*, 50 Neb., 506; *Hudelson v. First Nat. Bank of Tobias*, 51 Neb., 557; *Bolin v.*

*Fines*, 51 Neb., 650; *Camp v. Pollock*, 45 Neb., 771.) In all these cases it was distinctly ruled that a plaintiff in replevin claiming under a chattel mortgage must, in his petition, allege the existence of facts which show him entitled to possession of the mortgaged property. The petition in the case at bar does not allege what promise or obligation of the mortgagor, or others, the mortgage was given to secure; that the promise which the mortgage was given to secure the fulfillment of had been broken; nor does it allege the existence of any fact or the occurrence of any event which vested the mortgagee with the right to possession of the mortgaged property.

2. The plaintiffs below have filed a motion here for leave to amend the petition filed in the district court by setting out the facts showing their special interest in the mortgaged and replevied property, and the facts which show that they were entitled at the commencement of the suit to the possession of said property, all which said facts were proved upon the trial. Section 144 of the Code of Civil Procedure is as follows: "The court may, either before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process, or proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case, or, when the amendment does not change substantially the claim or defense by conforming the pleading or proceeding to the facts proved. And whenever any proceeding taken by a party fails to conform in any respect to the provisions of this Code, the court may permit the same to be made conformable thereto by amendment." But we are of opinion that said section of the Code has no reference to this court when sitting as an appellate tribunal; that the section neither commands nor authorizes this court, while exercising appellate jurisdiction, to amend a record of the district court brought here for review. Section 599 of the Code of Civil Procedure

abolishes writs of error and *certiorari*, and provides that the court shall have the same power to compel complete and perfect transcripts of the proceedings containing the judgment or final order sought to be reviewed to be furnished as they possessed under said writs. This section of our Code is section 530 of the Code of Civil Procedure of the state of Ohio, and the supreme court of that state, in *Wood v. Newkirk*, 15 O. St., 295, construed this section of the Code and held that the appellate court might order the court below to send up a perfect transcript of its record, but that the appellate court was without power to order an amendment of the record. To the same effect see *K. v. H.*, 20 Wis., 252. The motion to amend the petition filed in the court below is overruled. The judgment of the district court is reversed and the cause remanded.

REVERSED AND REMANDED.

HARRISON, J., not sitting.