FRED HERMAN V. ALBERT BECK, ADMINISTRATOR OF THE ESTATE OF WENCIL BECK, DECEASED.

FILED APRIL 9, 1903. No. 12,554.

1. **Probate Court:** ERROR PROCEEDINGS. Error will lie from an order of the county court, allowing a claim against the estate of a decedent, although no answer or objections were filed against the claim, and the order was made in the absence of the administrator.

2. **Administrator Alone May Prosecute.** Error from such order may be prosecuted by the administrator alone.

3. **Review:** BILL OF EXCEPTIONS. Where error affirmatively appears on the face of the record proper, a bill of exceptions is unnecessary to obtain a review of such errors.

ERROR to the district court for Saline county: GEORGE W. STUBBS, DISTRICT JUDGE. *Affirmed.*

*Robert S. Mockett* and *Orpheus B. Polk,* for plaintiff in error.

*J. H. Grimm* and *J. J. Grimm, contra.*

ALBERT, C.

The plaintiff in error asks the reversal of a judgment of the district court, reversing an order of the county court, allowing a claim against the estate of which the defendant in error is administrator.

A considerable portion of the argument of the plaintiff in error is directed to the proposition that error will not lie from a judgment rendered by default. That proposition, whatever its merits, has no application to this case. The order reversed by the district court was one allowing a claim against the estate of a deceased person. In such cases there can be no such thing as a judgment by default against the administrator. He is always in court, constructively at least, for the purposes of such claims, when they are regularly reached for hearing, and no formal or written answer thereto is required. If his actual presence is required, the court has the means at hand to enforce it.

It is next urged that the defendant in error should have applied to the county court for a vacation of the judgment, under the provisions of section 602, Code of Civil Procedure, instead of applying to the district court for its reversal on error. One answer to this is that the error which justifies the judgment of reversal in the district court, namely, that the amount is excessive, is not one of the grounds enumerated in that section for the vacation of a judgment or order.

It is next argued that an administrator, as such, can not prosecute error from an order of the county court allowing a claim against the estate, and that his remedy by appeal is exclusive. That error will lie from such an order is clear from section 580, Code of Civil Procedure, and from *Rogers v. Redick,* 10 Neb. 332. The plaintiff in error appears to concede this, but contends that it will

lie only in behalf of "the real parties in interest," namely, the heirs of the intestate. In support of this contention he cites *Merrick v. Kennedy*, 46 Neb. 264, where it was held that an executor, as such, can not prosecute an appeal from a final order of distribution made by the county court, where he is not pecuniarily affected by such order. That case is not in point. It turned on a construction of section 304 of chapter 23, Compiled Statutes (Annotated Statutes, 5158), which relates specifically to appeals from an order of distribution, and confines the right of appeal in such cases to persons aggrieved by such order. Under the facts stated in that case, this court held that the executor could not be pecuniarily injured by the particular order complained of, and therefore he was not aggrieved thereby. In cases like the present the administrator is charged with the duty of protecting the estate against unjust claims and demands. He is the representative of every person interested in the estate, and, as such, has the undoubted right to test the accuracy of the judgments and orders of the county court, in the allowance of claims against the estate, either by appeal or error.

It is next urged that there was no bill of exceptions before the district court, and that there is none here. A bill of exceptions is only necessary where the error complained of does not otherwise appear. One of the errors assigned in the district court was, in effect, that the amount allowed was excessive. The basis of the claim allowed was a balance of $212.50, due on account, December 1, 1886. On this claim it would appear that a payment of $1 had been made at three different times. The amount found due, and allowed on the claim up to October 15, 1890, was $628.65. This amount, over and above the original balance, is made up exclusively of interest, computed at 10 per cent. per annum, and compounded at intervals. These facts appear of record, and show conclusively that the amount allowed is grossly in excess of the amount actually due, if any, and of themselves justify the judgment of the district court.

It is recommended that the judgment of the district court be affirmed.

DUFFIE and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.