### FRED RENO V. STATE OF NEBRASKA.

#### FILED JUNE 18, 1903. No. 12,651.

1. **Proceeding to Correct Record: NOTICE.** A defendant was accused and convicted of a felony in the district court. He appealed to this court, employing other counsel to prosecute the error proceedings. The state, finding it necessary to have the record of the trial corrected, began proceedings for that purpose, serving notice of the motion to have the record corrected, and of the hearing thereof in the district court, on the attorney of the defendant who· was prosecuting the error proceedings. A special appearance was made in the district court and an objection to its jurisdiction to hear the motion was interposed on the ground that the notice served on the attorney was not sufficient to authorize the court to act on the motion. *Held*, The service of the notice on the defendant's attorney was sufficient and that the court was authorized to act on the application of the state to correct the record.

2. **Remedy to Correct Record.** Where a record of the trial court filed in this court is found to be incorrect, the remedy is by appropriate proceedings to secure a correction thereof in the lower court.

3. **Information.** The word "feloniously" can serve no practical purpose in an information charging all the essential elements of a felony. *Richards v. State*, 65 Neb. 808.

4. **Instructions.** Instructions given the jury and excepted to, examined, and the giving thereof *held* to be free from prejudical error.

5. **Evidence.** Evidence examined, and *held* sufficient to support a verdict of guilty returned by the jury.

ERROR to the district court for Sheridan county: JAMES J. HARRINGTON, DISTRICT JUDGE. *Affirmed.*

*Allen G. Fisher*, for plaintiff in error.

*Frank N. Prout, Attorney General*, and *Norris Brown*, for the state.

HOLCOMB, J.

Leave has been given the state to supplement the record in this case by the filing of an additional transcript. The original transcript, it appears, is incorrect, and for the purpose of correcting and perfecting the record of the trial the state has by supplemental proceedings in the district

court, obtained an amendment and correction of the record, which is evidenced by the additional transcript which the state has been given permission to file. The defendant not only objects to the order permitting the filing of a transcript of the corrected record, but also challenges the right and authority of the district court to correct its records in the manner it has done, as evidenced by the amended transcript. It may well be doubted whether the defendant has properly presented to this court, for review, the supplemental proceedings to correct the record had in the district court, there being no attempt to prosecute error from the order of the trial court correcting its records nor objections thereto, save those orally presented and argued on the motion of the state for leave to file a corrected transcript. Overlooking this imperfection, we are satisfied the defendant has no legal ground for complaint by reason of the order of the district court in correcting its own records to conform to what it has found to be the truth regarding the trial of the case. The corrected record relates to the instructions given the jury and eliminates one of the grounds of error relied on by the defendant for a reversal of the judgment pronounced against him; hence his objection to the correction and to the filing of the additional transcript evidencing the true record of the trial. Notice of the application to supply and correct the record of the trial, with reference to the instructions given the jury, was served on the defendant's attorney who is appearing for him in this court. A special appearance was made in the district court and objection to its jurisdiction, authority, and right to act in regard to the matter, was made on the ground that the attorney's employment was restricted, and solely in regard to his services in the supreme court, and, because thereof, the notice served on the attorney was insufficient. We regard the notice as sufficient to authorize the action taken by the district court. The correction of the record was for the very purpose of properly presenting the case for review in this court. The attorney was employed for the purpose

Reno v. State.

of obtaining such review.  His employment, therefore, made him the attorney for the defendant for all purposes connected with the main object of employment, and this included the doing of all things proper and needful to have his cause reviewed in the supreme court.  The authority of the attorney to accept service of notice of an application to correct the record, in order that a review properly might be had of the cause as tried in the lower court, or his right to initiate action to accomplish that purpose, can hardly be doubted.  If this be true, notice served on him was good notice to his client.  On authority, it would seem that service of the notice on the attorney who conducted the defense in the court below would be insufficient when another attorney had been employed to prosecute error, the employment of the former having been terminated by the rendition of the final judgment in the trial of the case. *Ellis v. Ellis,* 13 Neb. 91.  But, in our view, the relationship between the defendant and his present attorney is of such character as to authorize the service of notice of any necessary step to be taken in the proceedings, whether in this court or in the lower court; for the purpose of correcting the record it is sufficient to bind the defendant and authorize action by the court to whom the application is made.

The rule is well settled that where a record of the trial court filed in this court is found to be incorrect, the remedy is by appropriate proceedings to secure a correction thereof in the lower court.  *Merchants Savings Bank of Providence v. Noll,* 50 Neb. 615; *Andresen v. Lederer & Strauss,* 53 Neb. 128.

Regarding the errors complained of on the submission of the cause on its merits, it is contended the information is fatally defective and will not support a conviction of the crime attempted to be charged.  The defendant was prosecuted under section 46a of the criminal code for sending a threatening letter to one Charles W. Clafflin the complaining witness; and the information states the offense substantially in the language of the statute but omits the use

of the word "feloniously" in charging the crime. Because of this omission it is the defendant's contention that the information is defective. A similar objection was urged on our attention in *Richards v. State,* 65 Neb. 808, and what is there said will dispose of the objection here presented.

Some of the instructions are excepted to, but we find in none of them such prejudicial error as would call for a reversal of the judgment of conviction. Instruction number five on the subject of reasonable doubt, which is more vigorously assailed than any of the others, is in the same, or substantially the same, form as given by other trial courts which have received the approval of this court in more than one instance, beginning with the case of *Carleton v. State,* 43 Neb. 373. We find no prejudicial error in the instructions complained of.

Finally, it is urged that the evidence is insufficient to support the verdict of guilty. The threat was contained in a written communication sent through the mails and was in the following language:

"Mr. Clafflan you have had a hint that you are not wanted here the next one will be worse and not long comeing   Now git you sun of a bitch.     The Committey."

It appeared in evidence that the complaining witness's house had recently been burned down by incendiarism. The significance of the letter, under such circumstances, could not well be misunderstood or misinterpreted. The testimony was positive to the effect that the defendant posted the letter and that it was, on the same day, received by the complaining witness through the mails. While our attention is called to some discrepancies between different witnesses as to dates, yet this does not materially weaken the testimony establishing the principal fact in the case, that is, that the threatening communication was actually dropped in the post office mailing box by the accused and from there taken and delivered through the mails to the party to whom addressed. The defendant admits being present at the time and place when and where it is testified

by the state's witnesses he deposited the letter in the mailing box, but he denies he placed the letter there. The jury under the circumstances evidently discredited his testimony denying he mailed the letter, and we think in view of the other testimony they had good reason for so doing. They were altogether warranted under the evidence in finding the defendant guilty as charged. · The conviction should stand and the judgment complained of is accordingly

AFFIRMED.