JAMES L. STEWART ET AL., APPELLEES, V. WILLIAM B.
RAPER ET AL., APPELLANTS.

FILED JANUARY 20, 1910.   No. 15,901.

APPEAL from the district court for Pawnee county:
LEANDER M. PEMBERTON, JUDGE.   *Appeal dismissed.*

*Dort & Dort,* for appellants.

*Story & Story, contra.*

LETTON, J.

· This action was begun in the county court, where judgment was rendered against the defendants. An appeal was attempted to be taken to the district court. The transcript, however, was not filed until more than 30 days after the rendition of the judgment. A motion was made in the district court to dismiss the appeal, for the reason that the transcript was not filed within the statutory time, and for another reason not necessary to consider. A hearing was had upon the motion to dismiss the appeal, and the motion was sustained.

The record fails to disclose that any final judgment was entered in the district court, merely showing that the court sustained the motion to dismiss the appeal. No judgment of dismissal appears, hence there is no final order here for review, and the appeal must be dismissed. However, since the point presented is simple, we will consider it.

It appears from the evidence that upon the 22d day of November, 1907, the day of the rendition of the judgment, defendants' attorney ordered a transcript of the proceedings from the county judge for the purpose of taking an appeal. Apparently through press of business, the county judge overlooked the matter, and did not prepare the transcript until on or about the 7th day of January, 1908, upon which day it was filed by him in the district court.

No other effort was made on the part of the attorney for defendants to procure the transcript than this request. The county judge testifies: "It has been our custom almost invariably to file the transcript as a matter of fact of course, whenever it is ordered. Sometimes the attorneys say, 'You will file this,' and I say, 'Yes.' I could not say positively whether they asked me to file this or not, but they did order the transcript." He further testifies that, at any time after the transcript had been ordered within the 30 days, he could have found time to have completed it.

We have repeatedly held that, "where a party free from fault or laches is prevented from having his appeal docketed in the appellate court within the statutory period solely through the neglect or failure of the proper officer to prepare the transcript of the proceedings, the law will not permit him thereby to be deprived of his appeal." *Continental Building & Loan Ass'n v. Mills,* 44 Neb. 136; *Omaha Coal, Coke & Lime Co. v. Fay,* 37 Neb. 68; *Cheney v. Buckmaster,* 29 Neb. 420. Under the statute it was the duty of the county judge, upon demand, to deliver the transcript to the appellants or their agent. He could not deliver it immediately upon the conclusion of the trial, but no request was made after a reasonable time for preparation had elapsed. It was not his duty to file the transcript with the clerk of the district court. The evidence shows that, if demand had been made for a transcript within 30 days, it could have been prepared by the county judge and delivered to the appellants or their agent, but no such demand was made. We think that the evidence fails to show that the appellants were diligent in perfecting the appeal, and that the case is ruled by *Oppenheimer v. McClay,* 30 Neb. 654.

There being no final judgment in the record, the appeal is

DISMISSED.