242

IN RE ESTATE OF FRED BEDNAR, DECEASED. ARTHUR A.
KRAUSS, EXECUTOR, APPELLEE, V. JOSEPHINE BEDNAR,
APPELLANT.
37 N. W. 2d 195

Filed April 22, 1949. No. 32589.

*Hubka & Hubka,* for appellant.

*Leslie H. Noble,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

The county court of Gage County, by order entered on the 28th day of February, 1944, in the matter of the estate of Fred Bednar, deceased, made an allowance to Josephine Bednar, the widow of the deceased, for her maintenance and support. She made application for an additional allowance on December 16, 1947, to which objections were interposed by the administrator and by two of the sons of the deceased. The county court by order made on the 20th day of April, 1948, set aside the original order of February 28, 1944, and granted to Mrs. Bednar a larger amount than was allowed her in the original order. The administrator took 'no action to appeal from the order of April 20, 1948, until the 21st day of May, 1948, when he filed a notice of appeal in the county court. The transcript was filed in the district court on the 29th day of May, 1948. The appellant, Josephine Bednar, moved the district court to dismiss the appeal for the reason appellee in his representative capacity as administrator had no pecuniary interest affected by the judgment of the county court and that it was not taken within the time provided by law. The motion was denied and the order of the county court of April 20, 1948, increasing the amount of the widow's allowance was reversed, the original order of February 28, 1944, was reinstated, and the application of the widow for an increased allowance was dismissed. Motion for new trial was made and denied.

The appellant claims error because of the action of the

court overruling the motion to dismiss the appeal of Arthur W. Krauss, as administrator with will annexed of the estate of Fred Bednar, deceased, appellee, on the ground that he in his representative capacity had no pecuniary interest affected by the judgment of the county court. The correctness of the denial of the motion depends on whether the appellee in his representative capacity was aggrieved by the order from which the appeal was attempted to be taken. The order did not affect appellee as an individual, and as such he had no right of appeal. The estate of the deceased was affected by the allowance made to the appellant by the county court by the order of April 20, 1948. If it became final and was complied with or enforced, the assets of the estate would be reduced by the amount required thereby to be paid to appellant. The suggestion of appellant that the appeal by appellee was taken solely for the benefit of "two heirs" is not persuasive. Any appeal taken by the representative of an estate from an order, the effect of which is to reduce the assets of the estate, is for the benefit of the beneficiaries thereof. In re Estate of Dovey, 99 Neb. 744, 157 N. W. 915. A representative of an estate occupies a trust relation, and in appealing from a judgment affecting the trust he acts in a fiduciary capacity. When he in good faith in the exercise of a reasonable judgment believes the interest of the estate requires him to prosecute an appeal, the duties imposed by his trust are not discharged unless he resorts to that procedure. A different rule would lead to hardship and might result in disaster. Even a prudent representative of an estate would hesitate in cases of doubt from assuming the personal liability imposed by an appeal bond, and the degree of hesitation would be increased by any doubt as to the ultimate solvency of the estate. Kerr v. Lowenstein, 65 Neb. 43, 90 N. W. 931. A representative of an estate has a legal duty and responsibility to protect the estate from unjust, improper, or doubtful claims asserted against it without regard to the identity of the claimant.

If he has no personal interest, he may in his representative capacity appeal from allowance thereof without giving an undertaking on appeal. §§ 30-1603, 30-808, R. S. 1943; In re Estate of Dovey, *supra;* Herman v. Beck, 68 Neb. 566, 94 N. W. 512. If the appeal is taken in furtherance of his individual interest, he is required, as other suitors, as a condition of an effective appeal to furnish an appeal bond. In re Estate of Vetter, 139 Neb. 307, 297 N. W. 554; In re Estate of Mathews, 125 Neb. 737, 252 N. W. 210; In re Estate of Nelson, 108 Neb. 296, 187 N. W. 916. The application of appellant for an allowance from the estate of her husband for her maintenance was a claim against his estate, the amount granted to her thereon was a debt of the estate, and under the circumstances set forth in the statute this amount was a debt with preference for payment subject to prior payment of any amount due the State of Nebraska and the expenses of administration. § 30-103, R. S. 1943. The appellant was qualified to appeal from the allowance without an appeal bond. In re Estate of Maag, 119 Neb. 237, 228 N. W. 537.

The appellant claims that the district court acquired no jurisdiction because the appeal was not taken within 30 days after the decision complained of was made. The right of appeal to the district court from final probate orders of the county court is statutory. § 30-1601, R. S. 1943; In re Estate of Mathews, *supra.* The applicable provisions of the statute must be timely and substantially complied with to vest jurisdiction in the district court. A case removed to the district court from a final order of a county court in an estate matter is rightly dismissed if appellant by his laches took no action to appeal within 30 days of the order. The statute is mandatory that all appeals in probate shall be taken within 30 days after the decision complained of. §§ 30-1602 to 30-1605, R. S. 1943; Drier v. Knowles Vans, Inc., 144 Neb. 619, 14 N. W. 2d 222; Security Mutual Life Ins. Co. v. Gilliam, 143 Neb.

673, 10 N. W. 2d 670; In re Estate of Jurgensmeier, 142 Neb. 188, 5 N. W. 2d 233.

The order of the county court was made on the 20th day of April, 1948. Appellee did nothing to appeal until the 21st day of May, 1948. This was not within 30 days after April 20, 1948, but was 31 days. The record shows no legal explanation or excuse for the inactivity or inattention of appellee. The law requires diligence and alertness in the exercise of the right of appeal, and this is indispensable to an effective appeal when the limit prescribed is jurisdictional. Initial action 31 days after the order of a county court in probate proceedings intended to be challenged by an appeal is not an effective proceeding. Drier v. Knowles Vans, Inc., *supra;* In re Estate of Jurgensmeier, *supra;* People's Building, Loan & Saving Assn. v. Cook, 63 Neb. 437, 88 N. W. 763.

Appellee, as he contends, was not required to file notice of appeal. Bazzo v. Wallace, 16 Neb. 293, 20 N. W. 314; Malick v. McDermot's Estate, 25 Neb. 267, 41 N. W. 157. No other specific thing was required of him within the 30-day period, but it was necessary for an appeal from the order of April 20, 1948, to "be taken within thirty days" after that date. Appellee was not required to "enter into bond" because he was acting in his representative capacity. Bazzo v. Wallace, *supra.* He could have taken an appeal within the time limited by filing a notice of appeal and making a request for a transcript to be prepared, by filing a praecipe for a transcript, or by any other action clearly and unequivocally indicating the fact that he was going to prosecute an appeal from the order in question to the district court, and that he desired a transcript prepared for that purpose. The statute is not so specific as to prescribe the single action sufficient to show that an appeal has been taken when the filing of an undertaking on appeal is excused, but it seems clear that to accomplish certainty and freedom from dispute it would be sufficient and advisable practice for the party intending to

appeal to file in the county court a notice of appeal containing a request for the preparation of a transcript or to file a praecipe for the preparation of a transcript.

Matters suggested by appellee to avoid the default in compliance with the plain provision of the statute as to the time for taking the appeal are these:

1. Appellee gave an oral notice of appeal. The record contradicts this and shows the statement referred to was that probably the appellee would sometime in the future give notice of appeal—"In all probability there will be a notice of appeal given." This was not a notice of appeal.

2. The taking of an appeal by appellee, since he was excused from making bond, was regular and complete, if he filed the transcript within 40 days from April 20, 1948. This contention is without substance. The appeal must "be taken within 30 days." If a bond is required, it must be filed "within 30 days" and after the bond is filed "the appeal shall be granted." "When such appeal is taken" within 30 days "the county court shall" transmit to the district court a certified transcript. §§ 30-1603 to 30-1605, R. S. 1943.

3. The probate fee book No. 20 shows that April 23, 1948, has been changed to April 20, 1948; that the clerk of the county court, in a telephone conversation had with counsel for appellee when he inquired the date of the order granting appellant the allowance, told him the date was April 23, 1948. The record contains a photostat of the fee book, and it shows the date of the order as April 20, 1948. The evidence does not show what, if any, other date there was in this place in the record when the cipher in the 20 was written therein. This is not important because the date shown by the order as it appears in the certified transcript could not be contradicted by anything in such a record as the fee book. Barker v. State, 54 Neb. 53, 74 N. W. 427. It was not an official duty or act for the clerk to furnish counsel information as to the date of any action previously taken

by the court, and in doing so as a courtesy to counsel, she acted as his agent and any error therein was the responsibility of counsel, and could not be an excuse for his failure to take timely action in any matter required by law. Oppenheimer v. McClay, 30 Neb. 654, 46 N. W. 915; Stewart v. Raper, 85 Neb. 816, 124 N. W. 472; Howard v. Goodrich Lodge Hall Association, 41 Neb. 700, 60 N. W. 82.

4. Appellee introduced evidence in the district court to the effect that the date of April 20, 1948, as shown by the transcript, was not the correct date the order was made by the county court, but that it was made at a later date. Any evidence of this character was improper. It is a fundamental rule applicable to all appellate proceedings that the record of a court where a matter originated or was tried when properly authenticated imports absolute verity and cannot be contradicted, varied, or changed by oral testimony or any extrinsic evidence. An issue of fact cannot be made in this court as to any matter properly shown by the records of the court where the case originated or was tried from whence the case comes to this court for review. Drier v. Knowles Vans, Inc., *supra;* Morgan v. State, 51 Neb. 672, 71 N. W. 788; Merchants Savings Bank v. Noll, 50 Neb. 615, 70 N. W. 247; Ford v. State, 46 Neb. 390, 64 N. W. 1082. Regularity of the record of the court where a case is commenced, or in which the trial thereof is had, is conclusively presumed until overcome by affirmative proof in the records of that court. Omaha Loan & Trust Co. v. Hogeboom, 47 Neb. 7, 66 N. W. 14; Jones v. Cleary, 2 Neb. (Unoff.) 541, 89 N. W. 386. The law neither commands nor authorizes this court to amend the record of an inferior court in a case presented for review. Thompson & Sons Mfg. Co. v. Nicholls, 52 Neb. 312, 72 N. W. 217. If the record of a lower court is incorrect or incomplete, the remedy is appropriate proceedings to secure a correction thereof in that court. Drier v. Knowles Vans, Inc., *supra;* Reno

v. State, 69 Neb. 391, 95 N. W. 1042; State ex rel. Cochran v. Hopewell, 35 Neb. 822, 53 N. W. 990.

The judgment of the district court is reversed with instructions to dismiss the appeal of appellee in that court and to certify the judgment of dismissal to the county court of Gage County.

REVERSED AND REMANDED WITH DIRECTIONS.

YEAGER, J., participating on briefs.