JOHN M. MCDONALD, PLAINTIFF IN ERROR, V. STATE OF NEBRASKA, DEFENDANT IN ERROR.

72 N. W. 2d 521

Filed October 21, 1955. No. 33786.

*McGinley, Lane, Powers & McGinley,* for plaintiff in error.

*Clarence S. Beck,* Attorney General, and *Richard H. Williams,* for defendant in error.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

Plaintiff in error, who is hereafter referred to as defendant, was accused in the county court of Keith County

with willfully and unlawfully operating or being in the physical control of a motor vehicle on the 21st day of October 1954, upon the public highways of the state in said county while under the influence of intoxicating liquor or drugs. He was convicted of the charge and was adjudged by that court to pay a fine, his license to operate a motor vehicle was suspended for 6 months, and he was committed to the county jail until the fine and costs were paid.

The amount of an undertaking as a part of the proceedings for a review of the cause in the district court was fixed by the county court at $400. An undertaking, in the form and containing the conditions required by the appropriate statute, in which defendant was named as principal and two other persons were designated as sureties, signed by the principal and each of the sureties with qualification of the sureties in proper form endorsed thereon, was tendered the county court on the day that the case was tried and decided by that court. The judge of the county court that date accepted the bond and certified thereon in writing over his signature that it was "Taken, acknowledged and subscribed to before me and sureties approved by me this 8th day of November, A. D. 1954" and on that date he filed the bond in the case.

The statute concerning such an appeal, section 29-611, R. R. S. 1943, contains the following: "No appeal shall be granted or proceedings stayed unless the appellant, together with his surety or sureties, shall, within ten days after the rendition of such judgment, appear before such magistrate, and then and there enter into a written recognizance to the people of the State of Nebraska in a sum not less than one hundred dollars, with surety or sureties to be fixed and approved by the magistrate before whom such proceedings were had, conditioned for his appearance forthwith and without further notice, at the district court of such county, and from day to day thereafter until the final disposition of

such appeal, to answer the complaint against him, and to abide the judgment of the district court and not depart therefrom without leave; * * *."

A transcript of the filings made and the proceedings had in the case was prepared and certified by the judge of the county court as correct and complete. The certificate thereto contained a statement that: "All original instruments included in this Transcript." The transcript was filed in the district court the day after the case was decided in the county court. The county attorney on behalf of the State filed a motion on January 3, 1955, in the district court to dismiss the appeal because as claimed therein defendant had not given an appeal bond as required by law; that the county court required two sureties as a condition of the appeal; that the signature of one of the named sureties was not subscribed on the bond and it was not given by her in the presence of the county judge as required by the law of Nebraska; that more than 10 days had elapsed since the conviction of the defendant; and that the district court had no jurisdiction of the appeal. The motion was sustained and the appeal was dismissed. Defendant has prosecuted this error proceeding to challenge the legality of the action of the district court.

The acts of the judge of the county court with reference to the appeal bond were judicial and required the exercise of discretion as to the amount thereof in excess of the statutory minimum, as to whether more than one surety should and would be required, and as to the qualifications and sufficiency of the sureties. The appeal bond tendered by appellant complied with the requirements of the statute as to form and conditions. It was signed by the defendant as principal and two other persons as sureties. Their qualifications as sureties made by them under oath were endorsed on the bond. It was tendered for acceptance and approval the day of the conviction of the defendant and that date the judge of the county court certified in writing thereon over his signa-

ture, attested by the seal of the county court, that the bond was taken, acknowledged, and subscribed before him and that he approved the sureties. He filed the bond in the cause that date. The truth of all this was transmitted to the district court by the transcript over the signature of the judge of the county court, attested by the seal of that court, and, of course, it is contained in the transcript lodged in this court as the basis of the consideration and decision of this cause. There is no issue that the transcript made by the county court is not a true and complete copy of the record of the proceedings had in the case in that court. The transcript filed herein is, for the purposes of review and decision of this cause, the sole, conclusive, and unimpeachable record of the proceedings had therein in the court of original jurisdiction.

In the case of In re Estate of Bednar, 151 Neb. 242, 37 N. W. 2d 195, this court said: "Appellee introduced evidence in the district court to the effect that the date of April 20, 1948, as shown by the transcript, was not the correct date the order was made by the county court, but that it was made at a later date. Any evidence of this character was improper. It is a fundamental rule applicable to all appellate proceedings that the record of a court where a matter originated or was tried when properly authenticated imports absolute verity and cannot be contradicted, varied, or changed by oral testimony or any extrinsic evidence. An issue of fact cannot be made in this court as to any matter properly shown by the records of the court where the case originated or was tried from whence the case comes to this court for review. Drier v. Knowles Vans, Inc., *supra* (144 Neb. 619, 14 N. W. 2d 222); Morgan v. State, 51 Neb. 672, 71 N. W. 788; Merchants Savings Bank v. Noll, 50 Neb. 615, 70 N. W. 247; Ford v. State, 46 Neb. 390, 64 N. W. 1082. * * * The law neither commands nor authorizes this court to amend the record of an inferior court in a case presented for review. Thomp-

son & Sons Mfg. Co. v. Nicholls, 52 Neb. 312, 72 N. W. 217." See, also, Kennedy & Parsons Co. v. Schmidt, 152 Neb. 637, 42 N. W. 2d 191; Krska v. County of Sarpy, 144 Neb. 613, 14 N. W. 2d 194; Lippincott v. Lippincott, 144 Neb. 486, 13 N. W. 2d 721; In re Estate of Piel, 141 Neb. 783, 4 N. W. 2d 875; Drainage Dist. No. 1 v. Kirkpatrick-Pettis Co., 140 Neb. 530, 300 N. W. 582.

In Dale v. Doddridge, 9 Neb. 138, 1 N. W. 999, an issue was attempted to be made in the district court on appeal of the cause from a justice of the peace court as to when a bill of exceptions was allowed and certified by the justice of the peace. His certificate recited September 14, 1878. Afterwards an unsigned statement was made in writing apparently by the justice of the peace to the effect that the bill was signed 4 days after the date shown by the certificate of allowance of the bill. This court disposed of the contention by this statement: "The court must presume the docket entry and the certificate to have been made at the time they purport to be, and even if the supplemental statement had been signed it would be void, as a justice could not thus stultify himself."

The doctrine of the cases above referred to is that the facts recited in or exhibited by a transcript lodged in an appellate court as the basis of the review of a cause cannot be impeached by extrinsic evidence. It is obvious therefore that neither the judge of the court of original jurisdiction of the cause or any other person was qualified to contradict the transcript by testifying that one of the sureties on the bond did not sign or give the bond in the presence of the judge of the county court. The objections of the defendant that the judge of the county court was disqualified and incompetent to give evidence to contradict the assertions made in the transcript and in the certificate on the appeal bond should have been sustained.

The judgment dismissing the appeal of defendant should be and it is reversed and this cause is remanded

to the district court for Keith County with directions to reinstate the appeal of defendant in that court and for further proceedings in the cause as required by law.

REVERSED AND REMANDED WITH DIRECTIONS.